## Daugherty, Appellant, *v*. Messner.

Argued May 22, 1961. Before JONES, C. J., BELL, JONES, COHEN, BOK and EAGEN, JJ.

*Adolph L. Zeman,* with him *Robert L. Zeman,* and *Zeman & Zeman,* for appellants.

*Robert L. Ceisler,* with him *Thomas J. Terputac,* for appellees.

OPINION BY MR. JUSTICE BOK, June 26, 1961:

This is a process in equity to enjoin the Supervisors of Union Township, Washington County, from interfering with the plaintiffs' business of dumping garbage and to declare void an ordinance, adopted by defendants, regulating and prohibiting garbage dumps in the township. A preliminary injunction was given and a bond filed, but, after answer and hearing, the injunction was dissolved and the complaint dismissed. The plaintiffs appealed.

A man named Arnoni had dumped garbage in the township for nineteen years until he was brought up in court and as a result was dumping, in accordance with the latest approved methods, garbage brought from various neighboring townships. In January, 1960, defendants adopted the ordinance in question, prohibiting the expansion of Arnoni's dump and allowing him to continue, but also prohibiting the establishment of any

other dump in Union Township. Plaintiffs allege discrimination and unconstitutionality.

The problem is less one of the need to dump garbage or even the competitive right to do so than it is the power of the local authorities to control it. Considered in such terms there can be only one answer, for the public health is closely involved and the police power imminent.

The Legislature has put the right to regulate or prohibit the disposal of garbage into the hands of the townships by the Act of July 1, 1955, P. L. 249, 53 PS §65708. The ordinance in suit, passed under the aegis of this Act, limits garbage disposal to Arnoni, presumably because he has been doing it so long and because he is operating under a court order which effectively compels him to bury the garbage by sanitary landfill or trench burial, the best and most modern method. In *Lutz v. Armour,* 395 Pa. 576 (1959), 151 A. 2d 108, we held invalid, as arbitrary, an ordinance that forbade the disposal of garbage from outside townships while allowing it locally. Here Arnoni gets garbage from anywhere and disposes of it locally, which is a different situation. Plaintiffs urge that this is discriminatory and is a denial of the equal protection of the laws. They urge on us another section of The Second Class Township Code, in the Act of May 20, 1957, P. L. 174, 53 PS §65712, where the Legislature empowers the township to "prohibit nuisances, including but not limited to, accumulations of garbage and rubbish . . ." Their argument is that they also are disposing of garbage by the sanitary landfill or trench burial method and are not conducting a nuisance, and that so long as they are not noisome they are entitled to do business in free competition.

Ordinances have been stricken down which seek to declare certain businesses to be nuisances, regardless of

whether their operation is so in fact: *Commonwealth v. Hanzlik,* 400 Pa. 134 (1960), 161 A. 2d 340; *Commonwealth v. Christopher,* 184 Pa. Superior Ct. 205 (1957), 132 A. 2d 714. Both of these cases involved ordinances passed under the nuisance Act of 1957 and hence are not in point. Under the Act of 1955, involved here, neither the Act of Legislature nor the ordinance has declared garbage dumping a nuisance. As we said in *Bryan v. City of Chester,* 212 Pa. 259 (1905), 61 A. 894, quoting from *Crawford v. City of Topeka,* 51 Kansas 756: "Although the police power is a broad one, it is not without limitations, and a secure structure which is not an infringement upon the public safety, and is not a nuisance, cannot be made one by legislative fiat, and then prohibited: (Yates v. Milwaukee, 10 Wall. 497; 1 Dill. on Mun. Corp. 374.) . . ." And, as we said in *Hanzlik,* supra: "It is a well-established principle of law that a nuisance is not regulated, but rather abated. By granting to the townships the right to *regulate* such automobile grave yards, it is clear that the legislature had not categorized them as nuisances per se in 53 PS §65712."

We are therefore not dealing with a nuisance. As we said above, neither the Act nor the ordinance describes it so, and the court below did not find that the plaintiffs were conducting their business as a nuisance. However, it is an activity that could rapidly become one and be a menace to health. Hence we cannot say that the ordinance does not have a reasonable relation to public health, morals, safety, and general welfare.

The decree is affirmed at the cost of appellants.