## Greene Township v. Walter Kuhl and/or Greene Landfill, Inc., Appellants.

Argued November 1, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS and BLATT.

*William H. Burke,* with him *William H. Eckert,* and *Silin, Eckert, Burke, Siegel & Roseman,* for appellants.

*William T. Jorden,* with him *McClure, Dart, Miller, Kelleher & White,* for appellee.

OPINION BY JUDGE WILKINSON, JR., December 8, 1977:

The principal question in this case is whether permits issued by the state Department of Environmental Resources (DER) for the construction and operation of a sanitary landfill, pursuant to the Pennsylvania Solid Waste Management Act (Act), Act of July 31, 1968, P.L. 788, *as amended,* 35 P.S. §6001 et seq., make it unnecessary to secure a zoning certificate or building permit from the municipality, within whose boundaries the landfill is to be located. The court below ruled that it was necessary to secure a local permit. We affirm.

Appellants were issued industrial and solid waste disposal and/or processing facility permits by DER

on September 8, 1976. In a letter to appellants dated September 9, 1976, DER's regional environmental protection director confirmed the issuance of the permits and stated that they were "the only permits or plan approvals which will be required for the construction of the landfill." Appellants then began construction of the landfill without acquisition of any municipal permits or certificates. Appellee's petition for a preliminary injunction was granted on September 14, 1976, and continuation of the injunction pending appellant's compliance with the zoning regulations was granted after submission of the matter on the record. This appeal followed.

In our decision as to whether the Act pre-empts the field and prohibits the imposition of local permit requirements for a sanitary landfill, we are bound by the decision of our Supreme Court in *City of Pittsburgh v. Commonwealth,* 468 Pa. 174, 185, 360 A.2d 607, 613 (1976), in which the Court ruled that the state Bureau of Corrections was not immune from local zoning regulations in its plans for an inmate pre-release center and was required to obtain a certificate of occupancy. The Court, through Justice ROBERTS, stated:

> In the absence of explicit language, such as we saw in Pemberton [Appeal, 434 Pa. 249, 252 A. 2d 597 (1969)], whereby the Legislature evinces a clear intent to override local zoning regulations, this Court is bound to follow the mandate of the zoning enabling act.

*City of Pittsburgh, supra,* at 185-86, 360 A.2d at 613.

As observed by Judge CRUMLISH, "the objectives of zoning regulations are far more comprehensive than the objectives of the Act," *Quakertown Borough v. Richland Township,* 28 Pa. Commonwealth Ct. 180, 183, 368 A.2d 343, 344 (1977). We cannot find anywhere in the Act a clear intent by the legislature to

pre-empt the field of local zoning regulations. Rather we agree with the statement of President Judge CARNEY in his opinion in the instant case in the court below that:

> [A] local municipality cannot set geological or engineering standards stricter than those established by DER for issuance of its permit. However, factors other than geological ones, such as those involving aesthetics, population density, and accessibility govern the selection of a landfill site, and these factors are the appropriate subject of local land use planning.

Appellants also argue that appellee's zoning ordinance of July 17, 1967, which they claim is applicable here, is invalid since it allegedly excludes landfills from the entire municipality. As expressly set forth in Section 1004(1) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11004(1), questions of the validity of a zoning ordinance on substantive grounds must be submitted either to the local zoning hearing board or to the governing body with a request for a curative amendment. Neither course has been followed here. Therefore, the issues of whether landfills are totally excluded from the municipality and, if so, whether such exclusion can be justified, are not properly before us at this time.

Accordingly, we will enter the following

ORDER

Now, December 8, 1977, the order of the Erie County Court of Common Pleas, at No. 127 Equity 1976, dated October 21, 1976, is hereby affirmed.