## Edward F. Kavanagh, Huston T. Adams and Robert M. Abernethy, Appellants *v.* London Grove Township et al., Appellees.

Argued December 7, 1977, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., ROGERS, BLATT and DiSALLE.

*George A. Brutscher,* for appellants.

*Lawrence E. Wood,* with him *Wood, Parke & Barnes,* for appellee.

*John C. Snyder,* with him *Robert W. Lentz,* and, of counsel, *Lentz, Riley, Cantor, Kilgore & Massey, Ltd.,* for intervenors.

OPINION BY JUDGE WILKINSON, JR., February 1, 1978:

This case is on appeal to this Court from an Order of the Court of Common Pleas of Chester County affirming the dismissal by the London Grove Township Board of Supervisors of a curative amendment application. This application was filed by the three appellants, who are the equitable owners of a 79.6 acre tract of land located in an R-1 zoning district in London Grove Township (Township). The R-1 district is primarily a residential area, but does allow for the operation of a sanitary landfill provided it is operated by a municipal authority or a municipality. The curative amendment submitted by the appellants would alter this provision of the Township zoning ordinance so as to allow for privately-owned and operated landfills, since it is the desire of the appellants to establish a landfill on their tract of land. Their curative amendment application has been opposed by a number of landowners whose properties are in close proximity to the appellants' land, and these landowners have formally intervened in the case.

The appellants primarily contend that the zoning ordinance in question is exclusionary, discriminatory, arbitrary and unconstitutional. We cannot agree, primarily because we do not find the ordinance to be exclusionary. Sanitary landfills are a permitted use within the Township, except that they must be operated by either a municipality or a municipal authority. The decision of the Township to so limit landfills is a legislative one, and one which is explicitly reserved to the Township under the provisions of Section 702 of The Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65708. *See Daugherty v. Messner*, 404 Pa. 235, 172 A.2d 288 (1961). We find no support for appellants' contention that this decision is arbitrary and discriminatory,

and thereby unconstitutional. In addition, because there is no total prohibition provided in this case, the rationale of cases such as *General Battery Corp. v. Zoning Hearing Board*, 29 Pa. Commonwealth Ct. 498, 371 A.2d 1030 (1977), is not applicable.

The appellants' remaining arguments are also without merit. First, appellants contend that the Pennsylvania Solid Waste Management Act (Act), Act of July 31, 1968, P.L. 788, *as amended*, 35 P.S. §6001 et seq., and the regulations issued pursuant to that Act, have resulted in a limited pre-emption of the field of sanitary landfill that precludes the Township from enacting the type of zoning regulation under consideration. In light of our Supreme Court's decision in *City of Pittsburgh v. Commonwealth*, 468 Pa. 174, 360 A.2d 607 (1976), and our own recent decision in *Greene Township v. Kuhl*, 32 Pa. Commonwealth Ct. 592, 379 A.2d 1383 (1977), we hold that there is no pre-emption in the field of sanitary landfills that prevents the Township from limiting landfills within it boundaries to those operated by municipalities or municipal authorities. Nor can we accept appellants' argument that the Township's ordinance is in any way inconsistent with the legislative policy enunciated in the Act and the accompanying regulations. The Act merely suggests that private resources be used wherever *feasible and desirable,* but does not affirmatively require their utilization. Obviously the Township has in this case decided that privately operated landfills are not feasible and desirable, and we will not interfere with that decision.

The appellants next argue that the zoning ordinance is unlawful in that it regulates *who* may use property, rather than the use to which that property may be put. We find no support for this contention, since it is clear that the ordinance in question merely regulates the manner in which appellants may use

their property in the R-1 district. The appellants' final position, that the burden of proof in this case rested with the Township, is meritless due to our finding that there is no total exclusion by the Township's zoning ordinance.

Accordingly, we will enter the following

### ORDER

AND Now, February 1, 1978, the order of the Court of Common Pleas of Chester County, at No. 137 June Term, 1976, dated March 2, 1977, is affirmed.