Greene Landfill, Inc., Appellant *v.* Greene Township Zoning Hearing Board and Greene Township, Appellees.

Argued May 10, 1979, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*William H. Burke,* with him *William H. Eckert,* and *Silin, Eckert & Burke,* for appellant.

*R. Perrin Baker,* with him *William T. Jorden,* for appellees.

OPINION BY JUDGE CRAIG, October 25, 1979:

This zoning appeal by Greene Landfill, Inc. (Landfill) involves a decision of the Greene Township Zoning Hearing Board (board) which dismissed Landfill's appeal from the township zoning officer's failure to grant a permit for a sanitary landfill; the board found that Landfill had withdrawn its application in September, 1976 and therefore concluded that the appeal, taken in December, 1977, was "untimely." The Court of Common Pleas of Erie County dismissed Landfill's appeal from the board upon the sole express ground that Landfill was collaterally estopped from asserting the pendency of its application for a permit.

The history of this case began with an exchange of communications in 1975, after which Landfill proceeded in August, 1976 to file applications for sanitary landfill permits with township officials in accordance with a purported ordinance governing landfills, which the township solicitor had supplied—in error, as it developed, because the ordinance had never been enacted.

In September, 1976 Landfill's secretary, an attorney, sent a letter to the township solicitor after Landfill had received its permit from the Pennsylvania Department of Environmental Resources (DER). The letter took the position that the state laws and DER's regulations had preempted the field so that "no permits or other permissions or authorization from Greene Township are necessary. . . ." Among other things, the letter also stated:

> All prior applications and correspondence to the Greene Township Supervisors are hereby ammended [sic] to incorporate this paragraph, its position being that all submittals to the Greene Township Supervisors are for informational purposes only. . . .

Landfill followed up the letter by beginning construction without any township permit. The township then obtained from the Court of Common Pleas of Erie County an injunction restraining construction. Relevant to this case is the fact that, during the injunction hearing, Landfill's attorney stipulated of record as follows:

> It is stipulated that the Defendant did commence construction of the Landfill prior to applying for and obtaining his own permit from Greene Township and/or its officers.

We affirmed the injunction order in *Greene Township v. Kuhl*, 32 Pa. Commonwealth Ct. 592, 379 A.2d 1383 (1977), holding that state regulation of landfills does not preempt the applicability of the existing township zoning ordinance. Judge WILKINSON pointed out for this court that Landfill's attempt to attack the township zoning ordinance as exclusionary was not properly before us because, under Section 1004(1) of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11004(1):

> [Q]uestions of the validity of a zoning ordinance on substantive grounds must be submitted either to the local zoning hearing board or to the governing body with a request for a curative amendment. Neither course has been followed here.

*Greene Township, supra,* 32 Pa. Commonwealth Ct. at 595, 379 A.2d at 1385.

Less than a week after our decision, Landfill filed an appeal document with the zoning hearing board which began with the statement that it was an appeal "from the Zoning Officer's failure to grant a building permit and an occupancy permit. . . ." The requested relief was that "the building and occupancy permits applied for on August 6, 1976" be issued by the proper officer.

Because the lower court took no evidence, and because there is no dispute as to the facts, but only as to their interpretation, the sole issue is whether the board committed an error of law. *Swift v. Zoning Hearing Board of East Hempfield Township,* 33 Pa. Commonwealth Ct. 442, 382 A.2d 150 (1978).

We agree that dismissal of the appeal was proper for the reason stated by the court below, namely, that Landfill is collaterally estopped from claiming the pendency of its application at the time it entered its zoning appeal. On the basis of the above-quoted stipulation, the common pleas court in the earlier *Greene Township* case, *supra,* had made a finding of fact that Greene commenced construction of the landfill "without applying for . . . a . . . permit. . . ." That finding dealt with the pivotal question here—the pendency of an application. Because of the identity of issues, the identity of parties and the existence of a final judgment in the previous case, in which Landfill had its opportunity to litigate that question, *In Re Estate of*

*Ellis,* 460 Pa. 281, 333 A.2d 728 (1975) and *Safeguard Mutual Insurance Co. v. Williams,* 463 Pa. 567, 345 A.2d 664 (1975), cited by the court below, are authority for the conclusion that Landfill is collaterally estopped from claiming pendency of an application.

Moreover, Landfill's description, in its letter of September, 1976, of the application papers as "for informational purposes only" is inconsistent with the concept that those documents thereafter were submitted for the purpose of officially seeking a permit.

With no application pending, there could be no failure or refusal by the zoning officer, and the board therefore lacked jurisdiction of the appeal from the zoning officer, governed by MPC §909, 53 P.S. §10909.

Although we uphold the board's action in dismissing the zoning appeal, we do not approve its legal conclusion that the appeal was "untimely." As we have stated, the board lacked jurisdiction because there was nothing on which an appeal could be based. The history of the case does not preclude future examination of the merits of the exclusionary zoning issue,[1] or of any future action of the township upon an

---

[1] We have not failed to note that Landfill included averments of exclusionary zoning in the body of its appeal to the board. As stated in the earlier *Greene Township,* case, *supra,* a validity appeal on such a question may be presented to the zoning hearing board under MPC §1004, 53 P.S. §11004, as an alternative to a curative amendment proceeding before the governing board. Subsection (2) (c) of that section makes it clear that a pending application is not required for such a validity appeal to the board; only plans describing the use proposed, sufficiently for the valuation of the challenge, are mandated by the law. *Appeal of Ralph W. Connelly, Inc.,* 19 Pa. Commonwealth Ct. 110, 340 A.2d 597 (1975). Despite the absence of necessity for an application in a validity proceeding, and even if a fuller record here would have confirmed that sufficient descriptive plans had been filed, we affirm the lower court's dismissal, rather than remand, because, as noted above, the essential components of Landfill's filing with the zoning hearing board labeled it as an appeal from the zoning officer. Should Landfill wish to pursue an ap-

application, as might have been the case if such action had been taken and challenged in an untimely manner.

The order of the Court of Common Pleas is affirmed.

### ORDER

AND Now, this 25th day of October, 1979, the order of the Court of Common Pleas of Erie County dated July 25, 1978 is affirmed.

plication or validity proceeding or both, a fresh start, rather than a remanded proceeding, offers the better hope of avoiding a future course as tortuous as that followed by this litigation to this point.