Sunny Farms, Ltd., Appellant *v.* North Codorus Township and O.U.C.H, Inc., Appellees.

372

Argued May 11, 1983, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Pamela S. Goodwin,* with her *Robert J. Shostak and Michael E. Calderone, Shostak & Rosen, P.C.,* for appellant.

*Daniel M. Frey, Crabbs, Cashman and Frey,* for North Codorus Township, Appellee.

*Michael O. Davis, Campbell, Spitzer, Davis & Turgeon,* for O.U.C.H., Inc., Appellee.

Opinion by Judge Williams, Jr., April 6, 1984:

Sunny Farms, Ltd. appeals from a final decree of the York County Common Pleas Court prohibiting the construction and operation of an underground, hazardous waste disposal facility in violation of Ordinance No. 18 of North Codorus Township (a second class township). Section 4(c) of that Ordinance provides the following:

> No such site for incineration or for disposition by the Sanitary Land Fill method shall be established within Five hundred (500) yards of any dwelling, church, school or any other building or buildings which, from time to time, are utilized for human occupancy.

Sunny Farms challenges the validity of the 500 yard proximity provision primarily on constitutional and state preemption grounds. We affirm.

In August 1980, Sunny Farms began construction of an underground, hazardous waste dump on approximately 325 acres of its land situate in the township. The township, seeking to restrain Sunny Farms from constructing and operating a waste dump within 500 yards of existing dwellings in contravention of the setback requirement of Ordinance No. 18, instituted an equity action in common pleas court. The court subsequently granted a preliminary injunction prohibiting the disposal of wastes within 500 yards of residences. Before trial and without hearing, intervention status was given to O.U.C.H., Inc., a neighborhood group comprised of adjacent property owners opposed to the hazardous waste landfill. In the chancellor's adjudication and decree nisi the validity of Ordinance No.

18 was upheld, and, upon dismissing exceptions, the common pleas court entered a final decree permanently enjoining Sunny Farms from operating a hazardous waste landfill within 500 yards of existing dwellings.

The primary question is whether the 500 yard proximity provision of Ordinance No. 18 is valid. Asserting the contrary, Sunny Farms raises numerous arguments challenging the ordinance, each of which is numbered as follows.

## I. State Preemption.

We reject the contention that Ordinance No. 18 is preempted by the Solid Waste Management Act (Act 97)[1] thus rendering the township powerless to require a buffer zone between the waste site and occupied residences. Both Act 97 and its predecessor, the now repealed Pennsylvania Solid Waste Management Act (Act 241),[2] are substantially similar in that each provides for extensive state regulation of the construction and operation of solid waste disposal facilities. When we construed Act 241 and failed to find explicit language evincing a legislative intent to override local zoning regulations, we allowed local regulation of sanitary landfills on the condition that engineering and geological standards were not stricter than the state's. *Greene Township v. Kuhl*, 32 Pa. Commonwealth Ct. 592, 379 A.2d 1383 (1977) (applicant securing a state permit to operate a sanitary landfill must also obtain zoning permits); *see also Moyer's Landfill v. Zoning Hearing Board of Lower Providence Township*, 69 Pa. Commonwealth Ct. 47, 450 A.2d 273 (1982) (neither Act 241 nor Act 97 preempt municipal solid waste management) and *Kavanagh v. London Grove Town-*

---

[1] Act of July 7, 1980, P.L. 380, 35 P.S. §§6018.101-6018.1003.

[2] Act of July 31, 1968, P.L. 788, *as amended*, 35 P.S. §§6001-6017, repealed by Section 1001 of Act 97, 35 P.S. §6018.1001.

*ship,* 33 Pa. Commonwealth Ct. 420, 382 A.2d 148 (1978), *aff'd per curiam,* 486 Pa. 133, 404 A.2d 393 (1979) (equally divided court), *appeal dismissed,* 444 U.S. 1041 (1980) (zoning ordinance excluding privately, but not publicly, operated sanitary landfills is constitutional).

Although the legislature is presumed to know the construction given Act 241 which limited preemption when it drafted and enacted Act 97,[3] the 1980 Act expressly conditioned preemption of local regulations which precluded the establishment of hazardous waste disposal facilities. Under Section 105(h) of Act 97, 35 P.S. §6018.105(h), local law prohibiting the operation of a facility is superseded upon the state's issuance of a certificate of public necessity to an operator. Because Act 97 provides for a specific, certification procedure which protects hazardous waste facilities from local prohibition, we conclude that local regulation—which does not effect stricter geological and engineering standards than the state—is not otherwise preempted.[4]

## II. Regulatory conflict.

Sunny Farms next asserts that the local 500 yard proximity requirement conflicts with and is an impermissibly stricter engineering or geological stan-

---

[3] *See Board of Christian Education of Presbyterian Church in United States v. School District of City of Philadelphia,* 171 Pa. Superior Ct. 610, 91 A.2d 372 (1952) (legislature presumed to know prior statute on same subject and judicial decision construing prior law).

[4] *See* Katcher, *Hazardous Waste Management Under Act 97,* 86 Dick L. Rev. 665, 678 (1982) where the author states:

[T]he function of a certificate of public necessity appears to be to provide an optional mechanism whereby a facility operator could obtain exception from local regulation. This would imply, however, that local regulation may not otherwise be preempted.

dard than that provided for by regulation[5], and is, therefore, invalid under *Greene Township.* In *Greene Township* we quoted from and adopted the following extract from the trial court's opinion:

> [A] local municipality cannot set geological or engineering standards stricter than those established by DER for issuance of its permit. *However, factors other than geological ones, such as those involving aesthetics, population density, and accessibility govern the selection of a landfill site, and these factors are the appropriate subject of local land use planning.* (Emphasis added).

*Id.* at 595, 379 A.2d at 1385. As with general zoning regulations, the comprehensive scope of Ordinance No. 18 encompasses objectives far broader than those of Act 97. The ordinance's broad objectives embrace more than the narrow, technical, engineering concerns addressed by DER regulations. Rather than directly setting specific, engineering or geological standards, the ordinance, consistent with basic land use planning principles promotes and protects public health, property values and aesthetics. Our Supreme Court in *Franklin Township v. Department of Environmental Resources,* 500 Pa. 1, 6, 452 A.2d 718, 720 (1982) emphasized local government's major responsibility in environmental matters:

> Aesthetics and environmental well-being are important aspects of the quality of life in our society, and a key role of local government is to

---

[5] Then applicable solid waste management regulations promulgated by the Department of Environmental Resources (DER) prohibited the depositing of solid wastes within twenty-five feet of the perimeter property line absent DER approval. 25 Pa. Code §75.21-(s).

promote and protect life's quality for all of its inhabitants.

Ordinance No. 18 neither directly nor primarily governs engineering or geological standards, but expressly furthers the township's interest in protecting the health and property values of its residents and the aesthetics of the neighborhood. We therefore reject this argument.

### III. Implied repeal.

The township instituted the instant action in equity on August 15, 1980. Approximately three weeks later, on September 3, 1980, the township enacted Ordinance No. 61 (effective immediately) which provided that a 100 foot buffer zone separate hazardous waste disposal sites from all adjoining lands. Sunny Farms argues that the two ordinances are irreconcilable and that the later ordinance impliedly repealed Ordinance No. 18. Repeals by implication are not favored, thus an ordinance is not repealed by a later enactment when each is operative without repugnance to the other. *See Consumers Education and Protective Association v. Schwartz*, 495 Pa. 10, 432 A.2d 173 (1981).

Ordinance No. 61, which was not in effect when the township filed its complaint, creates, for aesthetic reasons, a 100 foot buffer zone between hazardous waste disposal sites and *perimeter property lines*. Ordinance No. 18 primarily promotes and protects health and property values by requiring a 500 yard buffer zone separating waste sites from *human-occupied buildings*. Since both ordinances do not advance the same object (*e. g.*, the maintenance of health and property values) by the same means (*e.g.*, the separation of dwellings from waste sites), the ordinances are not comparable, and Ordinance No. 18 was not impliedly repealed.

378

## IV. Ultra vires.

The title of Ordinance No. 18 authorizes the township to establish "regulations for disposition of waste, refuse, trash, garbage, decaying matter and organic wastes" upon sites within its boundaries. Ordinance 18 was enacted under the township's power granted by Section 702 of the Second Class Township Code (Code), 53 P.S. §65708,[6] "[t]o regulate or prohibit the dumping or otherwise depositing of ashes, garbage, rubbish and other refuse materials within the township." Sunny Farms contends that "other refuse materials" does not encompass hazardous wastes; therefore, the township exceeded its authority under the Code when it sought to apply and enforce a setback requirement concerning placement of such wastes.

A second class township is limited to those powers which are expressly or by necessary implication conferred by the legislature. *Commonwealth v. Hanzlik*, 400 Pa. 134, 161 A.2d 340 (1960). Does Section 702 of the Code, which authorizes local regulation of the dumping of "other refuse materials," incorporate, by implication, hazardous wastes? The rules of statutory construction are applicable to ordinances and statutes alike.[7] "Refuse" is a technical term which has acquired, and must be construed, according to its peculiar and appropriate meaning. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903(a). While not defined in the ordinance, the term is defined in the "Definitions" section of the solid waste management regulations to include "[a]ll materials which are discarded as useless." 25 Pa. Code §75.1. Further, the definitional section of Act

---

[6] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65708.

[7] *Lucia v. Zoning Hearing Board of Upper St. Clair Township*, 63 Pa. Commonwealth Ct. 272, 437 A.2d 1294 (1981).

97 (Section 103, 35 P.S. §6018.103) defines the term "Hazardous waste" to expressly encompass "[a]ny garbage, refuse, sludge . . . ." We believe, therefore, that the word "refuse" when used in a technical, environmental context clearly includes hazardous wastes.

Section 702 of the Code, moreover, empowers local government to protect and enhance "the quality of life of its citizens." *See Franklin Township*, 500 Pa. at 8-9 n.7, 452 A.2d at 721-22 n.7. A strict, narrow interpretation of "refuse," which excludes hazardous wastes and therefore prohibits local regulation of such potentially dangerous material, would frustrate the local government's substantial interest in protecting the community's health and safety. Thus when confronted with the most serious potential threat to its citizens' well-being because of life-threatening hazardous wastes, a local government would be rendered powerless. We do not believe that the legislature intended the absurd result urged by Sunny Farms.[8]

## V. Constitutional defects.

After carefully examining the record, we agree with the common pleas court that Sunny Farms failed to establish that the 500 yard proximity requirement is not substantially related to the public health, safety and welfare. When it drafted and enacted Ordinance No. 18 the township's board of supervisors may reasonably have believed that a 500 yard zone separating sanitation landfills from dwellings would help protect the health and safety of nearby residents and maintain property values. *See Open Pantry Food Marts v. Commonwealth ex rel. Township of Hempfield*, 37 Pa. Commonwealth Ct. 423, 391 A.2d 20 (1978).

---

[8] Section 1922(1) of the Statutory Construction Act of 1972, 1 Pa. C. S. §1922(1.)

Nor is the 500 yard requirement unconstitutionally vague. The prohibited conduct is defined with reasonable precision and definiteness. The 500 yard distance is measured by a straight line from the nearest part of a regularly, or periodically, occupied building to the edge of the landfill where refuse is to be deposited. The ordinance is sufficiently definite to apprise individuals of the conduct prohibited.

We also reject Sunny Farms' argument that the local proximity requirement is confiscatory because a substantial portion of the land falls within the 500 yard zone and is therefore unusable as a waste disposal facility. The application of the ordinance does involve a "taking" in the sense that appellant is not free to use a substantial percentage of its land for hazardous waste disposal. See *Miller & Son Paving, Inc. v. Wrightstown Township,* 499 Pa. 80, 451 A.2d 1002 (1982). Such "taking," however, does not entitle the owner to relief unless the owner's property rights have been unreasonably restricted. *Id.* In order to demonstrate that the ordinance is confiscatory (*i.e.* unreasonably restricts land use), Sunny Farms must prove that the proximity regulation is too severe or harsh to be "clearly necessary" to protect public health and safety when balanced against the public interest. See *Hopewell Township Board of Supervisors v. Golla,* 499 Pa. 246, 452 A.2d 1337 (1982).

Upon examining the record we conclude that appellant has failed to carry this burden. The public interest sought to be protected by the ordinance *clearly* outweighs appellant's right to use its property as it chooses; moreover, the 500 yard proximity requirement is reasonably tailored to protect the public and is not too severe in light of the extremely important public purpose served.

## VI. Procedural challenge.

Relying upon Pa. R.C.P. No. 2329 and *Hayes v. School District of Pittsburgh,* 33 Pa. Commonwealth Ct. 71, 381 A.2d 193 (1977), Sunny Farms asserts that the trial court erred when it granted a neighborhood group, O.U.C.H., Inc., permission to intervene without a hearing. Although a hearing would have been preferable, the court granted the intervention petition after reviewing depositions and briefs. Unlike *Hayes,* where no testimony was taken or evidence introduced, the record here provided an adequate basis upon which the court exercised its discretion to allow the intervention.

Accordingly, we affirm.

### ORDER

AND Now, this 6th day of April, 1984, the order of the Court of Common Pleas of York County entered on January 25, 1982, is affirmed.