543 A.2d 215

Richard M. Longenecker, John Brown and Leonard Fidler, Individually and as Board of Supervisors of the Township of Pine Grove; and Pine Grove Township, Appellants *v.* Pine Grove Landfill, Inc., a corporation, Appellee.

Argued April 19, 1988, before Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*Edward M. Brennan, Pfeiffer, Brown & Baldwin,* for appellants.

*Chester C. Corse, Jr.,* with him, *Joseph H. Jones, Williamson, Friedberg & Jones,* for appellee.

OPINION BY SENIOR JUDGE KALISH, June 17, 1988:

Appellants, Richard Longenecker, John Brown, Leonard Fidler, and Pine Grove Township (Township),

appeal a final order entered by the Court of Common Pleas of Schuylkill County granting appellee's, Pine Grove Landfill, Inc., petition for declaratory judgment and petition for review of governmental action. We affirm.

Appellee applied for a zoning permit to operate a sanitary landfill in Pine Grove Township. On February 13, 1985, the zoning permit was issued, and appellee then applied to the Department of Environmental Resources (DER) for permission to operate the landfill. The DER granted a phase I or first level permit to operate the landfill.

Although the Township does not have a solid waste program, nor a comprehensive plan or zoning ordinance, it enacted Ordinance 31-A on December 3, 1986, which requires that landfill operations have a one-half mile setback from a place of human burial. Since appellee's landfill site is within one-half mile of a cemetery, appellee filed a petition to review the action of the Township and a complaint for declaratory judgment, contending that Ordinance 31-A is an illegal attempt to zone their particular tract of land and that the Solid Waste Management Act (Act)[1] has pre-empted the Township's powers in this area.

The trial court held that Ordinance 31-A is invalid and unenforceable, and that the ordinance bears no rational relationship to the public welfare. The Township, on appeal, contends that in the exercise of its police power, it need not have a comprehensive plan or zoning ordinance in order to provide a setback as a condition for the operation of the landfill. We disagree.

It is the purpose of the Act, as stated in section 102(1) of the Act, 35 P.S. §6018.102(1), to establish and

---

[1] Act of July 7, 1980, P.L. 380, *as amended,* 35 P.S. §6018.101-6018.1003.

maintain a cooperative state and local program for the management and disposal of solid waste. This policy is based on the police power of the state to control the health, safety and welfare of the public. Section 105(f) of the Act, 35 P.S. §6018.105(f), gives the Environmental Quality Board the power and duty to issue certificates of public necessity for the establishment of hazardous waste treatment or disposal facilities. The issuance of such a certificate of public necessity supersedes "any and all local laws which would preclude or prohibit the establishment of a hazardous waste treatment or disposal facility. . . ." Section 105(h) of the Act, 35 P.S. §6018.105(h). However, this does not prohibit the enactment of *appropriate* zoning regulations.

In *Sunny Farms, Ltd. v. North Codorus Township*, 81 Pa. Commonwealth Ct. 371, 474 A.2d 56 (1984), this court held that a buffer zone around a proposed hazardous waste disposal facility is an appropriate subject of local land use planning, as long as it does not impose stricter engineering or geological standards than those provided for by state regulations. *See Kavanaugh v. London Grove Township*, 33 Pa. Commonwealth Ct. 420, 382 A.2d 148 (1978), *aff'd* per curiam, 486 Pa. 133, 404 A.2d 393 (1979). In *Sunny Farms, Ltd*. the setback requirement did not effect stricter engineering or geological standards than the state and was held to be appropriate as a zoning measure.

To constitute a zoning ordinance, the enactment must contain a statement of community development objectives in accordance with section 606 of the Pennsylvania Municipalities Planning Code (Code)[2]. The Code provides for public hearings, pursuant to public notice before the enactment of zoning ordinances and amendments. Section 609 of the Code, 53 P.S. §10609.

---

[2] Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §10606.

Any restriction in the nature of a zoning matter must conform to zoning procedural requirements, which Ordinance 31-A does not.

Ordinance 31-A provides for a one-half mile setback between a waste site and a place for human burial. This is a zoning concept and is not a proper area for the Township's police powers unless the statutory safeguards of the zoning laws are provided. *Board of Supervisors of Upper Frederick Township v. Moland Development Co.,* 19 Pa. Commonwealth Ct. 207, 339 A.2d 141 (1975). The record here shows that there are no such safeguards. Therefore, we agree with the trial court that Ordinance 31-A is invalid.

The Township relies on *Mt. Joy Township v. Davies Used Auto Parts,* 80 Pa. Commonwealth Ct. 633, 472 A.2d 1172 (1984), where it was held that the regulation of a junkyard was within the exercise of a township's police powers, for its contention that the Township need not adopt the setback requirement as a zoning matter. The regulation of junkyards involves consideration of the locality and the reasonableness or unreasonableness of conducting that particular business in that particular locality. It involves such local matters as the operation itself, vis-a-vis the character of the neighborhood and its proximity to homes and buildings. However, such matters as hazardous waste and pure stream and water regulation, while based on the exercise of police power, require a broad scale plan under state control. Indeed the Act provides for state and municipal cooperation, with municipal interference at a minimum; thus being limited to such matters of a purely local character, such as zoning. In the case of a junkyard, for example, the remedy of abatement may be without consent of the state. However, there can be no interference with the physical location of a landfill where, as is the case here, the state has already issued a permit for the operation of

a landfill on a particular site. The Township's ordinance in this case imposes a stricter standard than that which is set by the state.

Accordingly, we affirm the order of the trial court.

ORDER

Now, June 17, 1988, the order of the Court of Common Pleas of Schuylkill County, dated September 2, 1987, is affirmed.