# Kuhl v. Board of Supervisors of Greene Township

*Randy L. Shapira,* for plaintiff.
*William T. Jorden,* for defendant.

JOYCE, *J.,* May 8, 1991—This matter is before the court on the petition of Walter and Margaret Kuhl to lift injunction and dismiss actions.

The action filed at 628-A-1989 is an appeal of the Kuhls from the Greene Township Board of Supervisors' denial of the Kuhls' application for a conditional use to create an industrial landfill. In that action, the supervisors' decision rested on the grounds that the disposal of solid waste as a means of landfill use was permitted as a conditional use only in the township's industrial district. The Kuhls' property is located in a residentially zoned district.

The Kuhls have also appealed a decision of the Greene Township Zoning Board in the action filed at 1750-A-1988. The Kuhls applied for permission to reclaim a gravel pit located on their property with coal ash. The zoning board determined that coal ash was defined as a solid waste under 35 P.S. §6018.103, and as such, disposal was not permitted in a residentially zoned district. The Kuhls' application was therefore denied.

The action at 56-D-1981 concerns the Kuhls' request that this court lift an injunction imposed by Judge Richard Nygaard nearly 10 years ago. The injunction imposed on the Kuhls prevented them from disposing foundry sand and other solid waste upon 3.5 acres of their residentially zoned property. It is this action which has received the majority of the court's attention and shall be the focus of the discussion to follow.

The issue before the court is whether Greene Township's 1985 Zoning Ordinance, which prohibits the disposal of solid waste in a residentially zoned district, is pre-empted by the provisions of a Pennsylvania Department of Environmental Resources permit allowing for such waste disposal. The two pieces of legislation relevant to this discussion are the Non-Coal Surface Mining Conservation and Reclamation Act, 52 P.S. §3301 et seq., and the Solid Waste Management Act, 35 P.S. §6018.101 et seq. The Honorable George Levin has determined in *Ganzer v. Board of Supervisors of Greene Township*, 71 Erie L.J. 102, 106 (1988), that a township pursuant to the Mining Act may regulate the location of surface mines but it may not regulate mine operation. Support for Judge Levin's ruling can be found in section 3316 of the act:

"Except with respect to ordinances adopted pursuant to the Act of July 3, 1968, (P.L. 805, No. 247),

570

known as the Pennsylvania Municipalities Planning Code, all local ordinances and enactments purporting to regulate surface mining are hereby superseded."

Likewise, the Commonwealth Court in *Greene Township v. Kuhl and/or Greene Landfill Inc.,* 32 Pa. Commw. 592, 595, 379 A.2d 1383, 1385 (1977) (unrelated case), citing Erie County Judge Carney's opinion, stated:

"A local municipality cannot set geological standards stricter than those established by DER for issuance of its permit. However, factors other than geological ones, such as those involving aesthetics, population density and accessibility, govern the selection of the site, and these factors are the appropriate subject of local land use planning."

See also, *Sunny Farms Ltd. v. North Codorus Township,* 81 Pa. Commw. 371, 472 A.2d 56 (1984); *Moyers Landfill Inc. v. Zoning Hearing Board of Lower Providence Township,* 69 Pa. Commw. 47, 450 A.2d 273 (1982).

It is clear then, a local ordinance which attempts to regulate the operations of mining or waste disposal is pre-empted by both the Mining Act and the Waste Act. However, ordinances which attempt to regulate the situs of mining operations, or waste disposal are not pre-empted.

Petitioners ask this court to rely on the holding in *Ganzer, supra,* in reaching its decision. In that case, the court concluded that a 1976 ordinance, which limited landfill permits to conditional uses in industrially zoned areas, and a 1982 Township Solid Waste Ordinance, which contained setback requirements for landfills, were invalid as applied to the Ganzers. The court determined that although both ordinances on their face permitted legitimate landfill uses within the township, a de facto exclusion

actually existed with respect to the implementation of the ordinances.

It was also held by the court that because the Township Solid Waste Ordinance essentially prevented the Ganzers from reclaiming their mining operation and such reclamation was required by the Mining Act, the Solid Waste Management Ordinance must be pre-empted.

Respondent, Greene Township, however, contends that *Ganzer, supra,* is not applicable to the case at bar. The township points out that unlike the Ganzers, the land at issue in this case is not subject to any mining permit filed under the Mining Act. The township notes that also distinguishable from the facts in the *Ganzer* case is that the Kuhls are not required to file a reclamation plan under the Mining Act and in fact, have not done so. The Kuhls have, however, a permit issued in accordance with the Waste Act for solid waste disposal on their land.

The township's position is that these facts make the Mining Act's provisions, and consequently the *Ganzer* holding, inapplicable to the present case. The township asserts that the holding of the Commonwealth Court in *Greene Township v. Walter Kuhl and/or Greene Landfill Inc., supra,* is controlling. In that case the issue was whether a permit issued under the Waste Act for operation of a landfill made it unnecessary for the owner of the land to also obtain a zoning permit from the local municipality. The court stated:

"We cannot find anywhere in the act a clear intent by the legislature to pre-empt the field of local zoning regulations." *Id.* at 594-95, 379 A.2d at 1385.

The court went on to say that a challenge to the validity of a zoning ordinance on substantive grounds must be presented to a local zoning hearing board or the governing body with a request for a

curative amendment. *Id.* The township points out that petitioners in the present case have done neither.

This court initially notes that there exist facts in the case at bar which can be distinguished from those in *Ganzer, supra.* First, the setback requirements of the Township Solid Waste Disposal Ordinance, which the court in *Ganzer* found de facto exclusionary, have been rescinded. Also, there appears to be evidence which indicates that reclamation in and of itself is not the last phase of a mining operation. Although section 3307(c) of the Mining Act specifically provides for reclamation plans, once the mining operation is completed (but before the reclamation begins), the mining permit is canceled, the Bureau of Mining Reclamations' bond is returned, and it is the provisions of the permit issued for reclamation which control the reclamation operations. This indicates to the court that mining operations and reclamation operations are distinct entities. In the present case, the reclamation permit of petitioners has been filed with the Bureau of Waste Management. Therefore, the Mining Act is not necessarily controlling.

More conclusive of the inapplicability of *Ganzer, supra,* to the present case is that petitioners' land is not, nor has been, the subject of mining operations for quite some time. Petitioners are not required to reclaim their land under the Mining Act as the Ganzers were. This being so, petitioners are not put in the position of the Ganzers, where compliance with the local ordinance constituted a violation of the Mining Act and vice versa. The court therefore does not find the Zoning Ordinance to be de facto exclusionary as the court in *Ganzer, supra,* did.

The activity of petitioners with respect to reclamation is appropriately governed by the Waste Act

and not the Mining Act. This being so, the court believes *Greene Township v. Kuhl and/or Greene Landfill Inc., supra; Moyers, supra;* and *Sunny Farms, supra;* are controlling. Accordingly, the Township's Zoning Ordinance regulating the location of petitioners' proposed landfill is not preempted by the provision of the Waste Act, and petitioners' petition to lift injunction and dismiss actions must be denied.

### ORDER

And now, May 8, 1991, it is hereby ordered and decreed that the petition of Walter and Margaret Kuhl to lift injunction and dismiss actions is denied for the reasons set forth in the attached opinion.