601 A.2d 1305

**HUNLOCK TOWNSHIP and Hunlock Township
Board of Supervisors, Appellants,**

v.

**HUNLOCK SAND AND GRAVEL CORPORATION, Appellee.**

Commonwealth Court of Pennsylvania.

Argued April 1, 1991.

Decided Jan. 7, 1992.

David R. Lipka, for appellants.

No appearance for appellee.

Before McGINLEY and BYER, JJ., and NARICK, Senior Judge.

BYER, Judge.

This appeal requires us to decide whether Hunlock Township has the power to enact an ordinance forbidding the maintenance, operation and utilization of a sludge composting facility, a sewage sludge composting utilization facility, or a solid waste facility within a 2,000 feet radius of any residence or residential area. The Court of Common Pleas of Luzerne County invalidated the township's Solid Waste Landfill, Incineration, Sewage Sludge, Composting Regulation Ordinance (Ordinance 2 of 1988). We reverse.

The ordinance[1] provides that the operation of certain waste facilities within 2,000 feet of a residential area constitutes a nuisance. Because this would adversely af-

1. Ordinance 2 of 1988 provides:

fect Hunlock Sand and Gravel Corporation's (HSGC) plans to construct a sludge composting facility on its property in the township, HSGC had objected to the ordinance when it first was proposed as an illegal attempt to regulate zoning. That would be illegal, because Hunlock Township does not have a zoning ordinance; therefore, only the county would have the authority to enact a zoning ordinance effective within the township under section 602 of the Municipalities Planning Code (MPC),[2] 53 P.S. § 10602.

The township adopted the ordinance over HSGC's objection, and HSGC appealed. The court of common pleas

[t]hat the construction, maintenance, operation and utilization of a sludge composting facility, sludge composting and utilization facility, and sewage sludge composting and utilization facility and/or a solid waste landfill disposal, composting and/or utilization facility within a radius two thousand (2,000) feet from any residence or residential area is, by nature of the type of activity undertaken, and odor necessitated by such activity and operation, together with the resulting effects of such an operation and activity, contrary to the best interests and welfare of residents within a radius of two thousand (2000) feet of said operation or activity and constitutes a nuisance....

Section 6 and 7 of the ordinance provide:

Section 6: Penalties

Any person, association, corporation or offical [sic] representative of a governmental entity who fails to comply with the requirements or provisions of this ordinance, or who contracts, maintains, operates or utilizes a sludge composting facility, sludge composting utilization facility, sewage sludge composting utilization facility, and/or a solid waste landfill, or an incineration facility in violation of provisions of this ordinance shall be guilty of a summary offense and shall, upon conviction thereof, be sentenced to pay a fine of not more than Three Hundred ($300.00) Dollars and/or imprisonment for a term not to exceed ninety (90) days. Every day that a violation of this ordinance continues shall constitute a separate offense.

Section 7: Additional Penalties

In addition to the above penalties, all other actions are reserved including an action in equity for the proper enforcement of this ordinance. The Township of Hunlock is empowered to proceed with an Action in Equity to assure compliance with the provisions of this Ordinance, and is empowered to take any reasonable action to abate said prohibited activity. Any costs, including court costs and reasonable attorneys fees, incurred in such a proceeding shall be assessed against the violator.

2. Act of July 31, 1968, P.L. 805, as reenacted and amended by Act 1988–170.

declared the ordinance invalid, because the ordinance was not a valid exercise of the township's police power granted by the legislature pursuant to sections 702(VIII) and (XII) of the Second Class Township Code, Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. §§ 65708 [3] and 65712. [4] Instead, common pleas held, "[t]he ordinance is an attempt to regulate zoning because it restricts the *use* of land rather than regulating dumping or depositing of ashes, garbage, rubbish or other refuse materials within the township." (90a) (emphasis in original).

On appeal, the township argues that the court of common pleas erred in concluding that: (1) the ordinance is de facto zoning; and (2) neither section 702(VIII) nor section 702(XII) authorize the township to require setbacks as set forth in the ordinance.

We first must determine whether the ordinance is an attempt to regulate zoning or is merely a nuisance regulation. Section 603(b) of the MPC, 53 P.S. § 10603(b), describes what zoning ordinances may permit, prohibit, regulate, restrict and determine as:

(1) Uses of land, watercourses and other bodies of water.

(2) Size, height, bulk, location, erection, construction, repair, maintenance, alteration, razing, removal and use of structures.

(3) Areas and dimensions of land and bodies of water to be occupied by uses and structures, as well as areas, courts, yards, and other open spaces and distances to be left unoccupied by uses and structures.

\* \* \* \* \* \*

**3.** Under section 702(VIII), a township has the power:

To regulate or prohibit the dumping or otherwise depositing of ashes, garbage, rubbish and other refuse materials within the township. To prohibit accumulations of ashes, garbage, rubbish and other refuse materials upon private property, including the imposition and collection of reasonable fees and charges for the collection, removal and disposal thereof. . . .

**4.** Section 702(XII) grants second class townships the authority to prohibit nuisances including "the carrying on of any offensive manufacture or business."

(5) Protection and preservation of natural resources and agricultural land and activities.

The board states that although the ordinance provided a setback of two thousand feet from any residential area (a permitted *zoning restriction* ), the ordinance also addressed other concerns within the township's police power. Setback requirements may be imposed by other types of regulations in addition to zoning. *See IA Construction Corp. v. Township of Bradford,* 143 Pa.Commonwealth Ct. 302, 598 A.2d 1347 (1991). Zoning also determines the uses of land, dimensions of structures and areas of land to be occupied and density of population. *Id.* Because the ordinance does not restrict any of these more fundamental zoning elements, we hold that the ordinance was not an unauthorized attempt at zoning but is merely a nuisance regulation.

However, we must continue our analysis to determine whether certain provisions of the ordinance go beyond the township's police powers. Because a second class township is limited to those powers which are expressly or implicitly granted to it by the legislature, *Sunny Farms, Ltd. v. North Codorus Township,* 81 Pa.Commonwealth Ct. 371, 474 A.2d 56 (1984), we must determine whether section 702(VIII), which authorizes local regulation of the accumulation of "other refuse materials," incorporates by implication the sludge composting facility described in the ordinance and which HSGC proposes to construct.

"Refuse" is a technical term which must be construed according to its peculiar and appropriate meaning. 1 Pa. C.S. § 1903. "Refuse" is not defined in the statute, but is defined in the Department of Environmental Resources' solid waste management regulations and includes "[a]ll materials which are discarded as useless." 25 Pa.Code § 75.1. Common pleas concluded that the compost *produced* by the facilities listed in the statute would not be a material discarded as useless. In addition, the court held that section 702(VIII) does not authorize the regulation of compost waste because "compost does not include ashes,

garbage, rubbish or other refuse materials (96a)." We disagree.

Under section 702(VIII), the township has the authority to regulate the *accumulation* of refuse materials. The primary material accumulated for the production of compost is sewage sludge, a material discarded as useless (51a). Therefore, we hold that the court of common pleas erred as a matter of law in concluding that the sewage sludge accumulated by a composting facility is not refuse.

The intent of the legislature in enacting section 702(VIII) was summarized in *Commonwealth v. Hanzlik*, 400 Pa. 134, 161 A.2d 340 (1960). In *Hanzlik*, our Supreme Court struck down a second class township ordinance that prohibited storage of abandoned or junked automobiles by declaring the vehicles to be nuisances. The court in *Hanzlik* held that while the township had the power to prohibit nuisances in fact, it did not possess the power to declare the abandoned automobiles as nuisances per se. The authority to declare such activity as a nuisance, and so prohibit it, was granted only when actual conditions in the township proved that it constituted a nuisance in fact.

However, *Hanzlik* emphasized that by granting the township the power to *regulate* automobile grave yards, the legislature obviously intended to grant an additional power to the township, providing it "with an effective means of restricting such occupations within established limits in those situations where the maintenance of the activity does not constitute a nuisance in fact." *Id.*, 400 Pa. at 138, 161 A.2d at 343.

Applying the *Hanzlik* reasoning here, we must conclude that the township did not exceed its authority in restricting the operation of the compost facility. The township cannot prohibit construction of the composting facility pursuant to 702(XII) because the facility cannot be shown to be a nuisance in fact where it does not yet exist; however, the township does not attempt to completely prohibit construction of the facility. Rather, the township seeks to reasonably regulate the placement of the facility by restricting its

proximity to residential areas. This regulatory power is granted under 702(VIII).

As recognized in *Hanzlik*, the General Assembly, enacting section 702(VIII), granted second class townships the means to restrict certain occupations when the maintenance of the activity does not constitute a nuisance in fact.[5]

Therefore, the township's decision to restrict composting facilities is permitted pursuant to section 702(XII) and the court of common pleas erred in finding that the township had no such authority.

We reverse.

This decision was reached and opinion adopted before the conclusion of Judge BYER's service.

### ORDER

We reverse the order of the Court of Common Pleas of Luzerne County.

---

**5.** In order to secure a summary conviction as described in the ordinance's penalty provisions (see n. 1), the township must show that a defendant was *in fact* maintaining a nuisance. The ordinance does not prohibit the type of business HSGC plans to construct. If the township seeks to collect penalties from HSGC, it still must prove that the operation of HSGC's business is a nuisance in fact to obtain a conviction.