Spring Township *v.* Majestic Copper Corp. et al., Appellants.

Argued January 15, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John S. Speicher,* with him *Speicher, Austin, Connor & Giorgi,* for appellants.

*Norman E. Dettra, Jr.,* with him *Huyett & Dettra,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 9, 1969:

In 1963, the Spring Township building inspector issued a building permit and a certificate of occupancy

to appellants' predecessor for a bathhouse and lounge to accompany an existing swimming pool. The zoning designation at this location has at all times been F-Farm District which permits "a public and private recreational use." The lower court found that the premises then were: ". . . operated along club lines and the use of the entire premises—pool, bath-house and lounge—was limited to a single set of members and their guests. No malt or alcoholic beverages were sold on the premises, although members were permitted to bring their own liquor in which case they were served 'set-ups' from the bar. . . ." The ownership passed to the Graystone Country Club which obtained a restaurant license for the sale of malt and alcoholic beverages from the Liquor Control Board on April 10, 1964.

A year and a half later, the township filed a complaint in equity to enjoin appellants from operating the lounge and selling liquor in violation of the zoning ordinance. The chancellor submitted findings of fact and conclusions of law and entered a decree which enjoined the defendants "from using the subject property . . . for the sale of malt and alcoholic beverages to the public." This appeal followed.

The conclusion of law entered by the lower court that the sale of liquor is a violation of a zoning ordinance is impermissible. A township may not zone areas with respect to liquor sales since the Commonwealth has given complete control and regulation of the sale of alcoholic beverages to the Liquor Control Board. *Hilovsky Liquor License Case*, 379 Pa. 118, 108 A. 2d 705 (1954); *Sawdey Liquor License Case*, 369 Pa. 19, 85 A. 2d 28 (1951). In *Hilovsky* the Court said that once the zoning authorities have permitted a restaurant, they cannot then instruct the owner how to operate. ". . . [M]unicipalities may not invade the field of regulation which the State legislature has com-

pletely filled by its comprehensive liquor control act. ... A municipality may not in the guise of a zoning ordinance regulate the business of dispensing liquor."

Here, appellee did not base its attack on the existence of a restaurant as a violation of the zoning ordinance. The attack was restricted to the serving of liquor in the operation of the restaurant. The record does not disclose that the township authorities objected to appellants providing food to the public, which activity is a statutory requirement for obtaining a restaurant license for the sale of alcoholic beverages. Hence, since the complaint relates to matters over which appellee has no regulatory power, this action must fail.

Decree reversed. Costs on appellee.

───────

JOINT DISSENTING OPINION BY MR. JUSTICE EAGEN AND MR. JUSTICE POMEROY:

The chancellor correctly concluded that operating a restaurant or other business was not a permitted use under the Township's zoning ordinance. It follows that the Township was not prevented, merely because the restaurateur had a liquor license, from attacking as a zoning violation and a public nuisance the sale of alcoholic beverages to the public. Under these circumstances, *Hilovsky* is not controlling. We would affirm the judgment below and, therefore, dissent.