The Borough of Edgeworth, Appellant *v.* Donald S. MacLeod, Appellee.

Argued October 7, 1982, before Judges Blatt, Craig and MacPhail, sitting as a panel of three.

*Richard DiSalle,* with him *Robert Y. Kopf, Jr., Edward C. Schmidt,* and *Templeton Smith, Jr.,* for appellant.

*David L. Nixon, Hollinshead and Mendelson,* for appellee.

Opinion by Judge MacPhail, February 16, 1983:

The Borough of Edgeworth (Borough) has filed this appeal from an order of the Court of Common Pleas of Allegheny County. That order sustained the appeal of Donald S. MacLeod (MacLeod) and held the Borough's Ordinance No. 393 to be invalid. We affirm.

Ordinance No. 393, entitled the "Edgeworth Environmental Assessment Ordinance," was advertised on June 24, 1981 and was enacted by the Borough's Council at its regular meeting on July 13, 1981. The ordinance was by its terms made retroactive to June 24, 1981. MacLeod[1] filed an appeal to the Court of Common Pleas on July 24, 1981, pursuant to the provisions of Section 1003 of the Pennsylvania

---

[1] MacLeod had filed an application for subdivision approval on June 24, 1981, but his application was rejected for, among other reasons, failing to comply with Ordinance No. 393.

Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11003,[2] contending that Ordinance No. 393 was invalidly enacted due to the Borough's failure to give proper notice and hearing as required by Sections 608 and 609 of the MPC, 53 P.S. §§10608, 10609. The Borough moved to quash the appeal, arguing that Ordinance No. 393 was not a zoning ordinance and therefore not subject to challenge under the review provisions of the MPC. The Court ruled that Ordinance No. 393 was a zoning ordinance and denied the Borough's motion to quash. The Court further determined that the ordinance was invalidly adopted due to the failure of the governing body to provide the public notice and hearing required by the MPC. The Borough then perfected its appeal to this Court.

Before discussing the primary issue of this appeal, we feel compelled to make an initial observation. Our review of the record discloses that the Common Pleas Court made a final determination on the merits of this appeal when in reality it was faced with only a motion to quash by the Borough. Normally, we would remand such a matter for proper proceedings. However, after a review of the record and briefs filed in this matter, we are convinced that the only matter at issue before the Common Pleas Court was the question raised by the motion to quash; that is, whether Ordinance No. 393 was a zoning ordinance.[3] We

---

[2] "Questions of an alleged defect in the process of enactment or adoption of any ordinance ... shall be raised by an appeal taken directly from the action of the governing body to the court."

[3] If the Borough had claimed that the ordinance was in fact adopted in a procedurally proper manner, we would not hesitate to remand. However, the Borough, in its motion to quash filed with the Common Pleas Court, admits to having given only one notice of intent to enact Ordinance No. 393, whereas Section 107(18) of the MPC, 53 P.S. §10107(18), requires two published notices of the time and place of the public hearing. Furthermore, in its brief to

therefore see no need to order a remand to correct this harmless error.

The issue presented is, as we have noted, whether Ordinance No. 393 is a zoning ordinance. Such a question, we believe, is basically a matter of construction and interpretation of the ordinance; as such, it is a question of law subject to our review.[4] *See Township of Lower Yoder v. Weinzierl*, 2 Pa. Commonwealth Ct. 289, 276 A.2d 579 (1971).

Zoning has been generally defined as "the legislative division of a community into areas in each of which only certain designated uses of land are permitted." *Best v. Zoning Board of Adjustment*, 393 Pa. 106, 110, 141 A.2d 606, 609 (1958). However, the zoning power involves much more than the division of a community into use districts. Under the MPC, which our Supreme Court has characterized as "the Legislature's mandate for the unified regulation of land use and development,"[5] zoning ordinances may regulate uses of land, size of structures, dimensions of land to be occupied by structures and population density. Section 603 of the MPC, 53 P.S. §10603. Nothing

---

this Court, the Borough concedes that it "is not prepared to argue that the Ordinance, if a zoning ordinance, was enacted in accordance with the requirement of the [MPC]." Brief for Borough at page 8, n. 2.

[4] We therefore see no reason to remand this case, as per the Borough's request, for the taking of "evidence" on this question. We would note further that this case was brought to the Common Pleas Court on *appeal* and under the provisions of Section 1010 of the MPC, 53 P.S. §11010, the Borough must "upon motion" show that additional evidence is required for proper consideration of the appeal. The Borough, in its motion to quash, made no mention of a need to present additional evidence.

[5] *Gary D. Reihart, Inc. v. Township of Carroll*, 487 Pa. 461, 466, 409 A.2d 1167, 1170 (1979).

in that section, or any section of the MPC, requires a zoning ordinance to create districts.[6]

In the case of *Board of Supervisors of Franklin Township v. Meals*, 57 Pa. Commonwealth Ct. 129, 426 A.2d 1200 (1981), Franklin Township enacted a "building permit ordinance" which regulated the setback of buildings from streets. We held that the regulation of a *zoning principle* by the ordinance placed that ordinance within the regulatory control of the MPC. We referred to our earlier decision in the case of *Board of Supervisors of Upper Frederick Township v. Moland Development Co.*, 19 Pa. Commonwealth Ct. 207, 339 A.2d 141 (1975) wherein we held that zoning *concepts*, such as lot sizes, special exceptions and variances, may not be regulated unless the statutory safeguards of the zoning laws are complied with. *See also New Hanover Township v. Young*, 30 D. & C.2d 663 (1962). Thus, we must examine Ordinance No. 393 to determine whether it involves zoning concepts such that it should be classified a zoning ordinance subject to the MPC.

Initially, we note the preamble to the ordinance. While not controlling, the preamble may be used in the interpretation of an ordinance. *Starkey v. City of Philadelphia*, 397 Pa. 512, 517, 156 A.2d 101, 104 (1960). Ordinance No. 393 begins:

> Whereas it is necessary in order for the Council of the Borough of Edgeworth to fulfill its obligations under the Pennsylvania Municipalities Planning Code ... [and other statutory and constitutional provisions], in order to prevent and eliminate to the fullest extent possible

---

[6] Under Section 605 of the MPC, 53 P.S. §10605, a zoning ordinance must zone all portions of the municipality. This section does not require multiple zoning districts, however; the section states only that *where* districts are created, there must be uniformity of use restrictions within the districts.

adverse environmental effects of proposed uses of land within its boundaries.

From this, we can gather that the Borough's Council considered Ordinance No. 393 to be subject to the MPC. Further, the preamble indicates that Ordinance No. 393 was enacted to regulate land use, which as previously noted is one of the primary purposes of zoning regulations.

Moving on to Article I of Ordinance 393, we find that all "land development" is subject to the provisions of this ordinance. "Land development" is defined as "the construction, fabrication of [sic] installation of surface or subsurface structures, conduits, utility lines, shopping centers, golf courses, multi family dwellings, parking areas or any other similar activities, including the mining, extraction, or exploration of minerals and natural resources, as well as the disposal of industrial and domestic wastes." Article II Section 1(2) of Ordinance 393. This definition, excluding as it does certain usages, such as single family dwellings, from the purview of the Ordinance, gives further indication that this ordinance is not designed to provide general environmental protection for the Borough, but rather is designed to regulate specific types of structures.[7] This, again, is a general purpose of zoning ordinances.

Finally, we shall examine Article IV of Ordinance No. 393. Under section 3 of that article, the Borough's Council, after consultation with an "Environmental Advisory Council,"[8] is given the power to disapprove,

---

[7] Structures, we would note, which are frequently subjected to attempts at absolute exclusion by many communities. *See, e.g., Moyer's Landfill v. Zoning Hearing Board of Lower Providence Township*, 69 Pa. Commonwealth Ct. 47, 450 A.2d 273 (1982); *Township of Paradise v. Mt. Airy Lodge*, 68 Pa. Commonwealth Ct. 548, 449 A.2d 849 (1982); *Board of Supervisors of Willistown Township*, 20 Pa. Commonwealth Ct. 275, 341 A.2d 572 (1975).

[8] Under Article VI, the Borough may seek a court order restraining any land development undertaken without its approval.

and thus prevent,[9] any land development which would result in:

> (1) non-conformity with the goals and objectives of relevant state or federal statutes, provisions of relevant state or federal statutes to the extent that the Borough is empowered to administer and enforce the same, regulations, land use plans, policies, controls, or relevant provisions of any municipal ordinance; or
>
> (2) a significant number of unacceptable adverse environmental impacts, minimal community benefits, or any combination thereof.

This section clearly vests the Borough's Council with the power to control land use far beyond the general concerns of environmental protection. The section strikes us as nearly indistinguishable from a "conditional use" provision, which is, of course, a traditional zoning device. *See* Section 603 of the MPC, 53 P.S. §10603. *Cf. Brunner v. Upper Makefield Township Zoning Hearing Board*, 12 Pa. Commonwealth Ct. 109, 315 A.2d 359 (1974) (A zoning ordinance provision stating that no airfield may be built within the township "except by express authority of and after hearing had by the Zoning Hearing Board" was a special exception provision, although not specifically defined as such by the ordinance).

We are thus convinced that the Court of Common Pleas was correct in holding Ordinance No. 393 to be a zoning ordinance subject to the provisions of the MPC.[10]

---

[9] Environmental Advisory Councils may be created pursuant to the provisions of the Act of December 21, 1973, P.L. 425, 53 P.S. §§11501-11508. However, that Act gives only advisory powers to such councils and does not give governing bodies of municipalities any legislative powers regarding environmental concerns.

[10] In a supplementary brief, the Borough argues that the "pending ordinance rule" is applicable to this case, under the ruling

ORDER

The Order of the Court of Common Pleas of Allegheny County, Number SA 829 of 1981, dated November 23, 1981, is hereby affirmed.

---

in *Shender v. Zoning Hearing Board of Adjustment*, 388 Pa. 265, 131 A.2d 90 (1957), in view of the fact that the provisions of Ordinance No. 393 have been properly reenacted by the Borough on October 12, 1981. The Borough seeks a remand for a complete examination of this issue. However, the Borough misapprehends the import of the present action. The only order under review in this case concerns whether Ordinance No. 393 was invalid due to improper enactment. Questions concerning the applicability of the "pending ordinance rule" must come to us from an appeal concerning the actual granting or denying of a use permit. MacLeod's appeal from the denial of his subdivision request, *supra* note 1, was dismissed without prejudice by the Common Pleas Court and no appeal was taken from that order. A ruling on the applicability of the "pending ordinance rule" in this matter must await a proper appeal and may not be decided prematurely. *Cf. Greene Township v. Kuhl*, 32 Pa. Commonwealth Ct. 592, 379 A.2d 1383 (1977) (A substantive validity challenge to a zoning ordinance first must be submitted under the provisions of Section 1004(1) of the MPC, 53 P.S. §11004(1)).