563 A.2d 965

**Darryl DEAN, t/d/b/a Club Dynasty and Blaine McCollum, t/d/b/a The Club, Appellants,**

**v.**

**CITY OF HARRISBURG, Stephen R. Reed, Mayor, City of Harrisburg, Richard Vajda, Chief of Police, City of Harrisburg and Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1989.

Decided Sept. 6, 1989.

Reargument Dismissed Sept. 28, 1989.

432

Peter B. Foster, Pinskey & Foster, Harrisburg, for appellants.

Jerome T. Foerster, Deputy Atty. Gen., Gregory R. Neuhauser, Sr. Deputy Atty. Gen., LeRoy S. Zimmerman, Atty. Gen., Harrisburg, for appellee Pennsylvania Liquor Control Board.

Bradley C. Bechtel, Staff Atty., Judith Brown Schimmel, City Sol., Harrisburg, for City of Harrisburg.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, McGINLEY and SMITH, JJ.

McGINLEY, Judge.

Appellants Darryl Dean, trading and doing business as Club Dynasty (Dean) and Blaine McCollum, trading and doing business as The Club (McCollum) appeal from an order of the Court of Common Pleas of Dauphin County (trial court) which: (1) sustained the preliminary objections of the Pennsylvania Liquor Control Board (LCB) to Dean and McCollum's third amended application for declaratory judgment and permanent injunction (equity complaint) resulting in the LCB being dismissed from the action; and (2) denied Dean and McCollum the injunctive relief requested against the City of Harrisburg (City) in Dean and McCollum's eight count equity complaint.

On June 14, 1988, the City Council of the City of Harrisburg (City Council) passed Bill Number 17 of 1988, which set up a process of permitting and licensing "bring your own bottle" (B.Y.O.B. or bottle) clubs. The next day the Mayor signed the bill into law and it was designated Ordinance 13 of 1988 (Ordinance 13).

On June 20, 1988, Dean and McCollum, owners of two bottle clubs, filed a equity complaint styled an "application for temporary injunction pending declaratory judgment and permanent injunction." On June 21, 1988, the trial court scheduled the matter for a July 15, 1988, hearing on the merits and stayed the implementation of Ordinance 13. On July 14, 1988, Dean and McCollum, after having twice previously amended their complaint, filed an application for declaratory judgment and permanent injunction. Section 3(a) of Ordinance 13 states:

*SECTION 3.* It shall be unlawful for any person or persons who own, operate, lease, manage or control a B.Y.O.B. Club to:

(a) Remain open and/or to transact business between the hours of 2:00 a.m. and 8:00 a.m., prevailing time, of

each day and at any time on Sundays, if said B.Y.O.B. Club is located in the residence zone or within 500 feet of a residence or church.

Dean and McCollum assert that such regulation is preempted by the Liquor Code[1] which vests exclusive authority to control the possession of alcoholic beverages in the LCB.

Appellants also allege that Section 3(a) of Ordinance 13 which regulates the hours of bottle clubs located within 500 feet of a residence or church, is a zoning ordinance and thus the owners use of the property, which predates the enactment of Ordinance 13, is a valid nonconforming use. Appellants further allege that Ordinance 13 is a zoning ordinance and that the procedural requirements regarding enactment of zoning ordinances set forth in Sections 607, 608, 609, and 610 of the Pennsylvania Municipalities Planning Code (Planning Code)[2] were not followed and thus Ordinance 13 is invalid.

On August 5, 1988, the LCB filed preliminary objections alleging that Dean and McCollum: (1) failed to state a claim upon which relief could be granted; and (2) filed their action in the wrong venue.

On August 5, 1988, the trial court sustained the preliminary objections of the LCB and dismissed the LCB from the action. In the same order the trial court denied Dean and McCollum all relief requested against the City. Dean and McCollum appeal.

■ Our scope of review of a trial court's decision is limited to a determination of whether constitutional rights have been violated or whether the trial court abused its discretion or committed an error of law. *Jenkins v. McDonald*, 92 Pa.Commonwealth Ct. 140, 498 A.2d 487 (1985).

Dean and McCollum present four issues for our review. First, appellants contend the Liquor Code gives exclusive jurisdiction to regulate alcoholic beverages to the LCB;

1. Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §§ 1–101–8–803.
2. Act of July 31, 1968, P.L. 805 *as amended,* 53 P.S. §§ 10607, 10608, 10609, 10610.

second, appellants contend that Section 3(a) of Ordinance 13 is an invalid exercise of the City's police power; third, appellants contend that Ordinance 13 is a zoning ordinance and that appellants have established a valid nonconforming use; and fourth, that the City failed to follow the proper procedural requirements for enacting a zoning ordinance.

 Appellants argue preemption pursuant to Section 207 of the Liquor Code, 47 P.S. § 2–207(b), which provides:

Under this act the board shall have the power and its duty shall be:

(b) To control the manufacture, possession, sale, consumption, importation, use, storage, transportation and delivery of liquor, alcohol and malt or brewed beverages in accordance with the provisions of this act, . . . .

Because of the preemption appellants maintain the city cannot regulate bottle clubs because patrons of bottle clubs bring their alcoholic beverages on to the premises for consumption. Appellants refer to our decisions in *Fantastic Plastic, Inc. v. City of Pittsburgh*, 32 Pa.Cmwlth.Ct. 41, 377 A.2d 1051 (1977) and *Cloonan v. Thornburgh*, 103 Pa.Cmwlth.Ct. 1, 519 A.2d 1040 (1986) for the proposition that the Liquor Code is the exclusive regulatory scheme governing alcoholic beverages in Pennsylvania. Appellants also rely on our state Supreme Court's decision in *Commonwealth v. Wilsbach Distributors, Inc.*, 513 Pa. 215, 519 A.2d 397 (1986) in support of their contention.

However, the LCB contends that appellants are not involved in the alcoholic beverage industry, that the legal operation of a bottle club is not regulated by the LCB, and that the Liquor Code does not authorize the LCB to supervise bottle clubs. The LCB cites *Wilsbach* and contends that the Liquor Code only preempts regulation of the manufacture, sale and disposition of alcoholic beverages. *Id.*, 513 Pa. at 220, 519 A.2d at 400. In short, the LCB contends it does not regulate the use and possession of alcoholic beverages lawfully obtained from LCB licensees. Appellants are not licensees and do not engage in any prohibited activities under the Code. Consequently, the LCB asserts

that bottle clubs are not part of the alcoholic beverage industry regulated by the Liquor Code.

The cases cited by appellants do not support their contention that the Liquor Code preempts all regulation of the use and possession of alcoholic beverages. *Fantastic Plastic* dealt with the propriety of the City of Pittsburgh's use of its police power, not preemption. *Cloonan* dealt with the Governor's power to phase out the LCB under the Sunset Act, Act of December 22, 1981, P.L. 508, *as amended,* 71 P.S. §§ 1795.1–1795.14. Further the two cases cited by appellants for the proposition that zoning ordinances may not regulate liquor sales,[3] concerned the applicability of municipal ordinances to LCB licensees. A township cannot prohibit a *licensed* establishment from selling or dispensing liquor from licensed premises. Bottle clubs are not LCB licensed premises, nor do they sell or dispense liquor.

Accordingly, in light of *Wilsbach,* we conclude that the Liquor Code preemption is confined to regulating the *alcoholic beverage industry,* and limited to the manufacture, sale and distribution of alcoholic beverages. The Liquor Code does not regulate the use or possession of alcoholic beverages lawfully obtained by patrons of bottle clubs. Consequently, bottle clubs are not a part of the alcoholic beverage industry and local regulation by ordinance is appropriate.

■ Next we will address Dean and McCollum's contention that Ordinance 13 is a zoning ordinance and that they each have established their bottle clubs as valid nonconforming uses. In the same vein, Dean and McCollum contend that the City has failed to follow the proper procedural requirements set forth in the Planning Code in enacting Ordinance 13 as a zoning ordinance which thus renders Ordinance 13 invalid. Therefore, the primary issue before us is whether Ordinance 13 is a zoning ordinance.

**3.** *Altieri v. Zoning Hearing Board, North Huntingdon Township,* 30 Pa.Cmwlth.Ct. 511, 376 A.2d 261 (1977) and *Township of Spring v. Majestic Copper Corporation,* 435 Pa. 271, 256 A.2d 859 (1969).

Appellants contend that the language of Section 3(a) which prohibits a bottle club from operating from 2:00 a.m. to 8:00 a.m. if it is located in a residence zone or within 500 feet of a residence or a church clearly establishes that Ordinance 13 is a zoning ordinance. Conversely, the City contends that Ordinance 13 is a regulatory system governing various aspects of the operation of bottle clubs, not a zoning ordinance.

In *Borough of Edgeworth v. MacLeod*, 72 Pa.Cmwlth.Ct. 122, 456 A.2d 682 (1983) we examined a municipal ordinance in order to determine whether it was a zoning ordinance subject to the requirements of the Planning Code.

In *MacLeod* we stated:

Zoning has been generally defined as 'the legislative division of a community into areas in each of which only certain designated uses of land are permitted.' *Best v. Zoning Board of Adjustment*, 393 Pa. 106, 110, 141 A.2d 606, 609 (1958). However, the zoning power involves much more than the division of a community into use districts. Under the MPC, [Planning Code], which our Supreme Court has characterized as 'the Legislature's mandate for the unified regulation of land use and development,' zoning ordinances may regulate uses of land, size of structures, dimensions of land to be occupied by structures and population density. Section 603 of the MPC, 53 P.S. § 10603. Nothing in that section, or any section of the MPC, requires a zoning ordinance to create districts.

In the case of *Board of Supervisors of Franklin Township v. Meals*, 57 Pa.Commonwealth Ct. 129, 426 A.2d 1200 (1981), Franklin Township enacted a 'building permit ordinance' which regulated the setback of buildings from streets. We held that the regulation of a zoning principle by the ordinance placed that ordinance within the regulatory control of the MPC. We referred to our earlier decision in the case of *Board of Supervisors of Upper Frederick Township v. Moland Development Co.*, 19 Pa.Commonwealth Ct. 207, 339 A.2d 141

(1975) wherein we held that zoning concepts, such as lot sizes, special exceptions and variances, may not be regulated unless the statutory safeguards of the zoning laws were complied with. See also *New Hanover Township v. Young*, 30 D.C.2d 663 (1962). Thus, we must examine Ordinance No. 393 to determine whether it involves zoning concepts such that it should be classified a zoning ordinance subject to the MPC.

72 Pa.Cmwlth.Ct. at 125–126, 456 A.2d at 684–685.

In *MacLeod*, we reviewed the preamble to the ordinance in question as well as the regulatory provisions in order to determine whether that ordinance regulated land use, one of the primary purposes of zoning regulations.

Section 1 of Ordinance 13 states:

The Council of the City of Harrisburg hereby declares the purpose of within Ordinance is to regulate the hours of operation of a BYOB club in *order to preserve the residential character of neighborhoods* and protect the right of its citizens to the quiet enjoyment of the same. (Emphasis added.)

An examination of Section 1 indicates that Ordinance 13 was enacted to regulate land use, namely: "[t]o preserve the residential character of neighborhoods...." This language reveals that Ordinance 13 was intended to do more than provide protection from criminal activities; it was intended to preserve the residential character of various neighborhoods in the City. The fact that Section 3(a) restricts bottle clubs in all zones located near a residence or church is of no consequence. As we stated in *MacLeod* nothing in the Planning Code requires a zoning ordinance to create districts.

As a result, we must conclude that Ordinance 13 is a zoning ordinance subject to the provisions of the Planning Code. The record indicates that City Council failed to follow the procedures set forth in Sections 609 and 610 of the Planning Code, 53 P.S. §§ 10609, 10610 regarding public

notice and consultation with the City Planning Commission and Dauphin County Planning Agency.

Accordingly, we hold that in the absence of compliance with the procedural safeguards set forth in the Planning Code, Ordinance 13 is an invalid zoning ordinance.[4]

Ordinance 13 is hereby declared invalid.

DOYLE, J., dissents.

## ORDER

AND NOW, this 6th day of September, 1989, the order of the Court of Common Pleas of Dauphin County, in the above-captioned proceeding is hereby reversed and the case is remanded for entry of an appropriate order consistent with the foregoing opinion.

Jurisdiction relinquished.

---

**4.** Because of our holding that the ordinance was not validly enacted, we need not address the remaining issues raised by Dean and McCollum.