598 A.2d 1347

**IA CONSTRUCTION CORPORATION, Appellant,**

v.

**TOWNSHIP OF BRADFORD, CLEARFIELD COUNTY, Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Sept. 9, 1991.

Decided Oct. 29, 1991.

Reargument Denied Dec. 20, 1991.

Gerard J. Pisarcik, for appellant.

Blaine A. Lucas, for appellee.

Before CRAIG, President Judge, and PELLEGRINI, J., and NARICK, Senior Judge.

CRAIG, President Judge.

IA Construction Corporation appeals from an order of President Judge Reilly of the Court of Common Pleas of Clearfield County denying IA's challenge to a Bradford Township ordinance regulating various forms of waste. Bradford Township enacted the ordinance pursuant to the police powers enumerated in § 702 of The Second Class Township Code (Code).[1] We affirm.

The issues in this case are whether IA filed an untimely appeal to the court of common pleas and whether a local ordinance passed under the authority of § 702 of the Code is a de facto zoning ordinance and invalid because not adopted in accordance with the procedures of the Pennsylvania Municipalities Planning Code (MPC).[2]

The facts in this case, as taken from President Judge John Reilly's opinion, are as follows. On January 5, 1988, Bradford Township enacted Ordinance 1–88 to "regulate or prohibit the dumping or otherwise depositing of ashes, garbage, rubbish and other refuse materials within the township." On August 7, 1990, Bradford Township enacted a comprehensive amendment to Ordinance 1–88, entitled Ordinance 1–88A.[3]

Ordinance 1–88A expanded the scope of 1–88 by regulating not only solid waste but hazardous waste, residual waste, infectious and chemotherapeutic waste, municipal waste, special handling waste, sludge and other related materials.

1. Act of May 1, 1933, P.L. 103, *as amended,* 53 P.S. § 65708.
2. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.
3. Ordinance 1–88A, § XV, states:
 This Ordinance specifically amends Ordinance 1–88 and any sections of said Ordinance which are contrary to or in conflict with these amendments are specifically repealed and superseded hereby. In addition all prior Ordinances or parts of Ordinance that conflict with or are inconsistent with the provisions of this Ordinance are hereby repealed, however, any provisions of prior Ordinances which do not conflict with nor are inconsistent with this Ordinance are hereby preserved and remain in effect.

IA filed a complaint in the court of common pleas seeking to have Ordinance 1–88A declared a de facto zoning ordinance and therefore invalid because not adopted in accordance with the procedures of the MPC.

The trial court granted the township's motion for summary judgment and held that Ordinance 1–88A was *not* a de facto zoning ordinance because it was a valid exercise of the township's police power pursuant to § 702 of the Code, 53 P.S. § 65708, which confers power upon the township as follows:

**§ 702. Ashes, garbage, rubbish and other refuse materials**

To regulate or prohibit the dumping or otherwise depositing of ashes, garbage, rubbish and other refuse materials within the township. To prohibit accumulations of ashes, garbage, rubbish and other refuse materials upon private property, including the imposition and collection of reasonable fees and charges for the collection, removal and disposal thereof.

IA now appeals to this court, seeking to overturn the trial court's decision. IA argues that Bradford Township created a zoning ordinance because several provisions of Ordinance 1–88A contain zoning and land use principles.

### 1. *Untimeliness of IA's Appeal*

■ Bradford Township argues that IA's appeal to the common pleas court was untimely because IA's filing of its appeal to court on September 11, 1990 was more than thirty days after Bradford Township enacted Ordinance 1–88, on January 5, 1988.

Although the appeal date of September 11, 1990, was less than thirty days from the August 12, 1990 effective date of Ordinance 1–88A, the revised ordinance, the township argues that Ordinance 1–88A did not substantially alter Ordinance 1–88, and that the appealable event was therefore in 1988 rather than 1989, making the present appeal untimely.

However, Ordinance 1–88A expands the scope of Ordinance 1–88. Ordinance 1–88A not only regulates solid waste as defined by the Solid Waste Management Act,[4] but also hazardous waste as defined by the Hazardous Sites Cleanup Act,[5] and other waste materials as defined by the Air Pollution Control Act.[6]

Because Ordinance 1–88A expanded the scope of Ordinance 1–88 and is therefore a substantially distinct measure, IA's timely appeal of Ordinance 1–88A properly presents IA's challenge.

### 2. Whether Ordinance 1–88A Is A De Facto Zoning Ordinance

■ IA argues that Ordinance 1–88A is a zoning ordinance on the ground that several elements of Ordinance 1–88A regulate land use and reflect concerns of the MPC. Specifically, IA objects to these requirements found in Ordinance 1–88A:

1. A setback requirement that states that any solid waste management activity must take place at least 500 feet from any habitable building;

2. A requirement that any solid waste management activity be at least 3 miles from ground water; and

3. A provision stating that vehicles hauling solid waste must use roads at least 900 feet outside the township.

IA argues that these sections of Ordinance 1–88A fit within the MPC's definition of zoning and therefore Ordinance 1–88A is a zoning ordinance. IA cites § 603 of the MPC, specifically 603(b)(1), (2), (3) and (5), 53 P.S. §§ 10603(b)(1), (2), (3) and (5), which state:

**Section 603. Ordinance provisions.**

. . . .

4. Act of July 7, 1980, P.L. 380, No. 97, *as amended,* 35 P.S. §§ 6018.-101–6018.1003.

5. Act of October 18, 1988, P.L. 756, No. 108, *as amended,* 35 P.S. §§ 6020.101–6020.1305.

6. Act of January 8, 1960, P.L. (1959) 2119, *as amended,* 35 P.S. §§ 4004–4015.

(b) Zoning ordinances may permit, prohibit, regulate, restrict and determine:

(1) Uses of land, watercourses and other bodies of water.

(2) Size, height, bulk, location, erection, construction, repair, maintenance, alteration, razing, removal and use of structures.

(3) Areas and dimensions of land and bodies of water to be occupied by uses and structures, as well as areas, courts, yards, and other open spaces and distances to be left unoccupied by uses and structures.

. . . .

(5) Protection and preservation of natural resources and agricultural land and activities.

Undeniably, mandated dimensional separations are setbacks, but setbacks are not exclusively hallmarks of zoning. The distinctive characteristic of zoning involves zones, as well illustrated by § 605 of the MPC, 53 P.S. § 10605, which states in relevant part:

**Section 605. Classifications.—**

In any municipality ... which enacts a zoning ordinance, no part of such municipality shall be left unzoned. The provisions of all zoning ordinances may be classified so that different provisions may be applied to different classes of situations ... as shall be described by a map....

Also, § 603 of the MPC, upon which IA relies, provides that zoning determines uses of land, dimensions of structures, areas of land to be occupied, and density of population. Ordinance 1–88A does not touch upon any of those zoning elements.

Furthermore, the purposes of zoning, as set forth by § 604 of the MPC, 53 P.S. § 10604, include the regulation of population growth, the preservation of land for all forms of residential housing, the regulation of commercial growth, the preservation of historic, scenic and natural areas, and

the creation of different types of districts. Ordinance 1–88A touches upon few, if any, of those zoning purposes.

Because the overall purpose of Ordinance 1–88A is to regulate solid waste activity, and none of the sections of the ordinance go beyond the scope of that goal, the trial court did not err in concluding that Ordinance 1–88A is not a de facto zoning ordinance.

In *Mt. Joy Township v. Davies Used Auto Parts*, 80 Pa. Commonwealth Ct. 633, 472 A.2d 1172 (1984), this court declined to apply the zoning ordinance label to a local ordinance regulating junkyards, with provisions analogous to those in Ordinance 1–88A. In *Mt. Joy*, the ordinance challenged by a junkyard owner had been enacted pursuant to a comparable subsection of § 702 of the Code, cl. LVIII, 53 P.S. § 65758. The common pleas court invalidated the ordinance, concluding that several subsections of the ordinance were essentially zoning regulations. The challenged subsections included a setback requirement, a prohibition on junkyards within 500 feet of churches, playgrounds and other public resorts, and a requirement that junkyards must be screened. This court reversed the trial court, concluding that § 702 of the Code, cl. LVIII, gave the township the authority to promulgate the challenged subsections.

Similarly, in the present case, all of the challenged sections of Ordinance 1–88A relate to the regulation of solid waste activity.

 IA also objects to two sections of Ordinance 1–88A which, it claims, involve regulation under sections of the MPC. Specifically, IA notes that a registration requirement for obtaining an exemption from Ordinance 1–88A is a "special exception" as that term is used by the MPC. IA also objects to a provision in Ordinance 1–88A that provides for an appeals procedure in the event that the township supervisors do not grant a registration certificate. IA argues this section parallels §§ 912.1, 913.3 and 914.1 of the MPC, 53 P.S. §§ 10912.1, 10913.3 and 10914.1.

However, unlike the appeals process set forth in the MPC, which provides for an appeal from a zoning administrator to a zoning hearing board, Ordinance 1–88A does not provide for an appeal but for "further review," i.e., a reconsideration by the township supervisors, who are also the decision-makers in the first instance. The hallmark of an appeal is that it involves review by a separate and independent entity. Thus, this provision in Ordinance 1–88A is not an appeal like that authorized by the MPC.

█ IA cites *Borough of Edgeworth v. MacLeod*, 72 Pa. Commonwealth Ct. 122, 456 A.2d 682 (1983), for the proposition that if this court deems the exemption section found in Ordinance 1–88A a special exception, we must classify Ordinance 1–88A as a zoning ordinance.

However, *MacLeod* does not stand for the proposition that this court must automatically categorize an ordinance as a zoning ordinance if an exemption provision is present in Ordinance 1–88A. In *MacLeod*, the ordinance in question dealt with utility lines, shopping centers, golf courses, multi-family dwellings, and parking areas as well as disposal of industrial and domestic wastes. The court invalidated the ordinance because the ordinance vested the borough with the power to control land use beyond the general concerns of environmental protection. In this case, Ordinance 1–88A only regulates solid waste activity.

Furthermore, a special exception is a use or dimensional matter allowed pursuant to the goals and scheme of a land use ordinance. In *Bray v. Zoning Board of Adjustment*, 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980), this court defined a special exception as a permitted use, allowed if the proposal complies with the terms of the ordinance. In this case, the section that IA concludes is a special exception is a provision requiring non-municipal bodies to meet certain standards before they can handle solid waste. This is not a zoning provision because a provision regarding waste haulers is irrelevant to land use regulation.

Because Ordinance 1–88A's purpose is to regulate solid waste activity and case law supports the township's authority to promulgate such regulations under § 702 of the Code, the trial court did not err when it refused to declare Ordinance 1–88A a zoning ordinance.

Accordingly, the decision of President Judge Reilly is affirmed.

### ORDER

NOW, October 29, 1991, the order of the Court of Common Pleas of Clearfield County, dated January 16, 1991, No. 90–1688–CD, is affirmed.