IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles St. John, LLC,                           :
                            Appellant             :
                                                  :
            v.                                    :       No.   347 C.D. 2023
                                                  :
Matamoras Borough Council                        :       Argued: May 7, 2024
Zoning Hearing Board                             :
                                                  :
            v.                                    :
                                                  :
Pareshkumar Patel                                :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE STACY WALLACE, Judge


OPINION
BY JUDGE McCULLOUGH                              FILED: June 4, 2024


            Charles St. John, LLC, (Appellant) appeals from the March 17, 2023
Order of the Court of Common Pleas of Pike County (trial court) affirming the decision
of the Matamoras Borough (Borough) Council Zoning Hearing Board (ZHB) denying
Appellant's appeal of the issuance of a permit by the Borough Zoning Officer (ZO) to
Appellee, Pareshkumar Patel (Patel).  Appellant contends that issuance of the permit
allowing expansion of Patel's existing convenience store as a retail business use

violated provisions of the Borough Zoning Ordinance (Borough Code).[1] After careful review, we affirm.

## I. Background

This appeal concerns a parcel of land owned by Patel located at 107 Pennsylvania Avenue within the General Commercial (C-2) zoning district (C-2 District) of the Borough where he operates "On The Road" convenience store (Patel Property). On May 7, 2021, Patel submitted a land development application to the Borough Planning Commission (PC) concerning his plan to expand the existing building by constructing a 5,000 square foot (sq. ft.) addition to the existing 2,000 sq. ft. structure. The convenience store use is a principal permitted use in the C-2 District under the Borough Code limited to 2,000 sq. ft., and Patel's store sells various items including beer, tobacco, candy, and potato chips. The tobacco sales constitute an existing non-conforming use[2] and the square footage of that use did not increase under the development plan.

Appellant owns the property adjacent to the Patel Property and its sole owner, Robert Edward Roby (Roby), opposed approval of the expansion. After completion of an extensive review process, the PC recommended approval of the land

---

[1] The Borough Code includes "Retail Business" as a principal permitted use in the subject zoning district and it defines that term as: "An establishment engaged in selling goods or merchandise to the general public for personal or household consumption and rendering services incidental to the sale of such goods." (Reproduced Record (R.R.) at 216a, 238a.)

[2] "A lawful nonconforming use is a use predating the enactment of a prohibitory zoning restriction." *Shyam Ventures, LLC v. Zoning Hearing Board of Borough of Castle Shannon*, (Pa. Cmwlth., No. 56 C.D. 2023, filed Mar. 7, 2024), slip op. 5 2024 WL 967965, at *3 (citation omitted). Because of constitutional due process protections, "a municipality is without power to compel a change in the nature of a use where property was not restricted when purchased and is being used for a lawful use." *Id.*

development application.[3] The Borough Council (Council) granted Patel's request for land development approval subject to certain conditions and issued its written decision on January 11, 2022.[4] The ZO issued the permit for the Patel Property expansion as a principal permitted use on April 14, 2022. Appellant appealed the issuance of the permit to the ZHB on May 12, 2022.

The ZHB heard the matter at a public hearing on August 4, 2022. At the hearing, ZO Shawn Bolles (ZO Bolles) testified that Patel's application sought approval for an addition to the convenience store, and he described the existing use as engaged in "retail sales." (R.R. at 68a.) ZO Bolles explained that the sale of tobacco constitutes an existing non-conforming use that is allowed to continue under the Borough Code, limited to the existing square footage of 200 sq. ft.

As to Appellant's property located next door, ZO Bolles opined that it is not a residential use, "based on the fact that there has been a commercial business in there for historic consulting." (R.R. at 72a.) The name of that business as indicated by the sign on the building is "Chymist Corp. Historic Building Contracting & Consulting," and ZO Bolles testified to his knowledge that Roby "still runs that business because he has done some consulting in Milford." (R.R. at 73a.) Other indications of the commercial nature of the property include that it has been previously listed for sale as commercial, and county tax assessment records classify it as a retail store and a single-family home.

_____

[3] Although Patel's application for the zoning permit identified the proposed structure as a Convenience Store, Patel's engineer submitted a letter changing the use to Retail Sales during the land development review process. "Retail Sales" appears to be a minor misstatement as the Borough Code lists the use as "Retail Business."

[4] The trial court's order entered at a separate docket number addressing the Council's decision relative to the Patel Property is the subject of a related appeal before this Court. *See Charles St. John, LLC v. Matamoras Borough Council,* __ A.3d __ (Pa. Cmwlth No. 1284 C.D. 2022).

Regarding the yard setback for the Patel Property, ZO Bolles indicated that the proposed expansion is five feet from the property line. He explained that, under the Borough Code, a proposed commercial use located in the C-2 District is subject to a ten-foot setback requirement instead of the standard four-foot setback if the adjacent structure is an existing residential use.[5] ZO Bolles testified that this increased setback requirement is inapplicable here because the Patel project is a not a proposed use, but rather is an extension of the existing use. ZO Bolles further explained that, even if that were not the case, the ten-foot setback requirement would still not apply because Appellant's property is a commercial or mixed use and is not residential. (R.R. at 76a-77a.) ZO Bolles averred that he issued the zoning permit for the Patel Property in accordance with his conclusions that retail sales is a permitted use in the C-2 District and the proposed setback is appropriate. (R.R. at 77a-78a.)

Roby testified that he has owned the property adjacent to the Patel Property through his LLC since 2005, and he described it as a multi-dwelling Victorian style residence that has been subdivided into three apartments. (R.R. at 136a.) Roby relayed that he has resided in one of the apartments since 2018 and that he rents out the other units. Roby acknowledged that he placed the "Chymist Corp. Historic Building Contracting & Consulting" sign on the property in 2005 and that he owned a consulting business at that time. However, he averred that he ran that business from a neighboring property that he then owned, that he has been retired for seven years, and that he has not removed the sign because he likes its aesthetic. (R.R. at 159a-161a.)

---

[5] The relevant provision states: "Yards and buffers. Unless otherwise regulated by this chapter, where a commercial or manufacturing use is proposed contiguous to any existing residential use or any R-1 or R-2 District, side and rear yard setbacks shall be increased to ten (10) feet." (R.R. at 247a.)

4

The ZHB issued its decision denying Appellant's appeal on September 9, 2022. In doing so the ZHB found: Patel's project was properly classified as a Retail Business use under the relevant provisions of the Borough Code; the current tobacco sales constitute a lawful non-conforming use limited to 200 sq. ft., which will not increase with the expansion; beer sales are regulated by state licensure requirements and not by the Borough Code;[6] Roby's assertion of never conducting the consulting business from Appellant's property is contrary to the evidence of record including his securing of an on-premises advertising sign permit for the residence; and because Appellant's property is not a Residential Use, the increased yard setback provision of the Borough Code is not applicable. (ZHB Decision, 9/09/22, at 8-13.)

Appellant appealed the ZHB Decision to the trial court and the parties submitted the record from the ZHB proceeding into evidence at a February 10, 2023 hearing. After review of the record the trial court determined that receipt of additional evidence was not necessary to decide the appeal. The trial court concluded that the ZHB's comprehensive findings concerning the Patel Property were supported by substantial evidence and it entered an order on March 17, 2023, affirming the ZHB's Decision. This appeal followed.

---

[6] It is well-settled that a municipality "may not zone areas with respect to liquor sales since the Commonwealth has given complete control and regulation of the sale of alcoholic beverages to the Liquor Control Board." *Spring Township v. Majestic Copper Corp.*, 256 A.2d 859, 859-60 (Pa. 1969).

## II. Analysis[7]

### A.

Appellant first challenges the trial court's interpretation of the Borough Code as authorizing Patel's expansion as a Retail Business use permitted in the C-2 District. According to Appellant, the proposed use should have been categorized as a convenience store or as a beer distributorship, neither of which are permitted in the subject location given the size of the project. (Appellant's Br., at 26-35.)

Where a zoning hearing board's interpretation of its ordinance is at issue, we must begin by focusing on the text of the ordinance itself.[8] *Plum Borough*, 310 A.3d at 823. As a general rule, a zoning board's interpretation of its zoning ordinance is to be afforded great weight, as it represents the construction of a provision by the agency charged with its execution and application. *Id.* Additionally, in determining whether a proposed use is covered by an ordinance, "we are mindful that **ordinances are to be construed expansively, affording the landowner the broadest possible use and enjoyment of his or her land**." *Johnson v. Pocono Township Zoning Hearing Board*, 310 A.3d 836, 844–45 (Pa. Cmwlth. 2024) (emphasis added). Consequently, where a proposed use falls within multiple potential classifications, the zoning hearing board should opt for the classification that permits the broadest use of the land. *Aldridge v. Jackson Township.*, 983 A.2d 247, 254 (Pa. Cmwlth. 2009).

---

[7] Our review of a zoning hearing board decision where the trial court does not receive additional evidence is limited to determining whether the board abused its discretion or committed an error of law. *Plum Borough v. Zoning Hearing Board of Borough of Plum*, 310 A.3d 815, 823 (Pa. Cmwlth. 2024). We apply a deferential standard of review because we do not function "as a super zoning hearing board," and therefore "the necessity must be clear before there is justification for judicial interference with the municipality's exercise of its zoning power." *Id.*

[8] "The issue of whether a proposed use falls within a given category of permitted use in a zoning ordinance is a question of law subject to this Court's review." *Caln Nether Company, L.P. v. Board of Supervisors, Thornbury Township*, 840 A.2d 484, 491 (Pa. Cmwlth. 2004).

Instantly, the Borough Code includes "Retail Business" as a principal permitted use in the C-2 District. As noted, that term is defined as: "An establishment engaged **in selling goods or merchandise to the general public for personal or household consumption** and rendering services incidental to the sale of such goods." (R.R. at 216a, 238a.) (emphasis added). The ZHB determined that Patel's proposed expansion squarely falls within the plain meaning of this definition, as his store sells and will continue to sell food, beverages, and other goods and merchandise to the general public for personal and household consumption.

The fact that a Convenience Store use is also permitted in the C-2 District does not compel a different result. The record makes clear that Patel's 5,000 sq. ft. expansion cannot be categorized as a Convenience Store because it is well in excess of the 2,000 sq. ft. maximum for that use. The beer and tobacco sales are simply a component of the already existing use, with the alcohol sales regulated by the state and the tobacco sales confined to the small floor space it was originally granted and operates as a lawful non-conforming use. Therefore, we conclude that the ZHB properly construed the relevant provisions of the Borough Code in determining that Patel's proposed expansion is a permitted use as a Retail Business in the C-2 District.

**B.**

Appellant next challenges the ZO's application of the standard yard setback minimum of four feet, where the applicable provision of the Borough Code prescribes ten feet because Patel's proposed commercial use is located adjacent to Appellant's existing residential use. Appellant points to Roby's testimony describing the residential nature of his property and minimizes the commercial significance of the "Chymist Corp." signage to support its claim that the increased buffer is necessary. (Appellant's Br., at 36-38.)

As previously discussed, the Borough Code provides as follows with regard to setbacks: "Yards and buffers. Unless otherwise regulated by this chapter, **where a commercial** or manufacturing **use is proposed contiguous to any existing residential use** or any R-1 or R-2 District, **side and rear yard setbacks shall be increased to ten (10) feet**." (R.R. at 247a) (emphasis added).

Here, ZO Bolles testified to several factors establishing the commercial and/or mixed use of Appellant's property, including that the "Chymist Corp." sign has been affixed to it since 2005 and his personal knowledge that Roby continues to engage in consulting work. Additionally, the property has been listed for sale as a commercial use and county tax records reflect that it is assessed as a commercial/mixed use. Although Roby provided self-serving testimony of the property's residential qualities, we conclude that the ZHB acted within its discretion in determining that the property is not residential and the increased setback provision is inapplicable. Accordingly, we affirm the order of the trial court.

_____
PATRICIA A. McCULLOUGH, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles St. John, LLC,  
         Appellant

      v.

Matamoras Borough Council  
Zoning Hearing Board

      v.

Pareshkumar Patel

:
:
:
:
:   No.  347 C.D. 2023
:
:
:
:
:
:
:
:

## ***ORDER***

AND NOW, this 4th day of June, 2024, the March 17, 2023 Order of the Court of Common Pleas of Pike County is hereby AFFIRMED.

 

_____  
PATRICIA A. McCULLOUGH, Judge