# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
   :
        v.            :   No. 1485 C.D. 2024
   :
Nicholas Vaccarello,          :
                Appellant   :   Submitted: February 3, 2026


BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE STACY WALLACE, Judge
              HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                             FILED: March 23, 2026


Nicholas Vaccarello (Vaccarello) appeals from an order of the Court of Common Pleas of Butler County (trial court) dated April 15, 2024, finding him guilty of violating Section 220-10 of the Borough of Prospect Property Maintenance Ordinance (Ordinance)[1] and imposing a $1,000 fine. Concluding that the trial court had sufficient evidence to find Vaccarello guilty of violating the Ordinance, we affirm the trial court.

## I. BACKGROUND

Vaccarello is the owner of real property at 140 Kennedy Road, Prospect Borough, Pennsylvania (the Property). On January 27, 2022, the Borough issued

---

[1] The Ordinance provisions can be found at pages 72a-79a of the Reproduced Record or can be accessed online at https://ecode360.com/PR2429 (last visited March 20, 2026).

Vaccarello a citation for violation of Section 220-10 of the Ordinance (Buildings and structures), which provides:

> A. No owner of any building or structure shall fail to take steps and perform such maintenance thereto, as may be required from time to time, to ensure the property is safe, sound, sanitary and secure and does not present a health and/or safety hazard to surrounding properties and to the general populace.
>
> B. No owner of any unoccupied building or structure shall fail to take such steps as may be required to ensure that these are securely closed so as to prohibit and deter entry thereto and to ensure that no health and/or safety hazard, or threat thereof, is precipitated due to a lack of maintenance or due to neglect.
>
> C. Owners of any and all unoccupied buildings and/or structures which, through neglect, have deteriorated to the point of being classified as unoccupied hazards, and therefore constitute a severe health and/or safety hazard, shall, upon direction of the Borough Council, remove, or cause the removal of, the building and/or structure.

Ordinance § 220-10, Reproduced Record (R.R.) at 73a. A magistrate judge held a hearing on the citation, and subsequently found Vaccarello guilty of violating Section 220-10 of the Ordinance. Vaccarello appealed to the trial court, which held a de novo summary trial.

At trial, the Borough offered the testimony of building code official and zoning officer Jeffrey Richardson. He testified regarding the history of violations at the Property, as well as the Property's current state. During Richardson's testimony, photographic exhibits showing the alleged violations were produced and entered into evidence. Richardson testified that one building on the Property has a partially

2

missing roof. R.R. at 35a. He noted that tires were placed on the roof of that building to hold down remaining panels. *Id.* at 18a. Photographs also showed, and Richardson testified to, a ladder leading up to the roof of the building with the missing roof panels. *Id.* at 34a.[2] He identified and testified that multiple accessory buildings on the Property were in poor condition. *Id.* at 35a. He further testified that he attempted to work with Vaccarello and give him time to bring the Property into compliance with the Ordinance, but Vaccarello had still failed to do so. *Id.* at 44a.

Vaccarello testified next. He testified that he has owned the Property since 1989. R.R. at 45a. He further testified that the condition of the damaged buildings on the Property was the result of a storm in 2017. *Id.* at 46a, 57a. He also testified as to various work he had done to attempt to repair the buildings but noted that multiple injuries and medical conditions had hindered his ability to do more. *See, e.g.,* R.R. 45-48a, 53a.

At the conclusion of the summary trial, the trial court issued an order finding Vaccarello guilty of violating Section 220-10 of the Ordinance and fining him $1,000. Vaccarello subsequently appealed to this Court.

## II. ISSUES

On appeal,[3] Vaccarello contends that the trial court did not have sufficient evidence to find that he violated Section 220-10 of the Ordinance and

---

[2] Photographic exhibits on the record also show another accessory building with portions of the exterior wall missing, along with unused vehicles, overgrown weeds, and debris, as well as other views and angles of the buildings in disrepair. *See generally* Trial Court Exhibit 12.

[3] In reviewing a summary conviction matter, where the trial court has taken additional evidence in *de novo* review, our standard of review is limited to considering whether the trial court abused its discretion or committed an error of law. *Com. v. Halstead*, 79 A.3d 1240, 1242 (Pa. Cmwlth. 2013) (citing *Com. v. Spontarelli*, 791 A.2d 1254, 1255 (Pa. Cmwlth. 2002)).

offers two arguments in support.[4]  First, he argues that Section 220-10 of the Ordinance does not apply to his Property.  He submits that the Ordinance is "directed for buildings, structures or properties which are used or associated with human occupancy," Vaccarello's Br. at 9, and the buildings in question are unused farm buildings.  Vaccarello points specifically to the prefatory language of Section 220-6 of the Ordinance, which provides:

> Recognizing the need within the Borough of Prospect to establish certain minimum health and safety requirements for those buildings, structures or properties which are used or associated with human occupancy, this article hereby establishes standards which the Borough Council considers to be fair and essential in meeting those minimum requirements.

Ordinance § 220-6, R.R. at 72a.  Reading Section 220-6 and 220-10 together, Vaccarello argues it is obvious that the Ordinance "was directed for a residential urban area as opposed to rural farmlands."  Vaccarello's Br. at 11.  Second, if Section 220-10 of the Ordinance is found to apply, Vaccarello argues that the evidence offered at trial was insufficient to find that the condition of the Property posed a "health and/or safety hazard."

The Borough responds that there is nothing in the Ordinance that exempts farms from meeting the requirements set forth in Section 220-10, and the plain language thereof specifically contemplates both occupied and unoccupied buildings or structures.  The Borough also maintains that the trial court's verdict is supported by the evidence introduced at trial.

---

[4] While Vaccerello's brief combines these issues, we address them separately for ease of discussion.  *See* Vaccerello's Br. at 9-12.

## III. DISCUSSION

### A. Application of Section 220-10

We address first the application of Section 220-10 to Vaccarello's Property. When construing municipal ordinances this Court applies the Statutory Construction Act of 1972.[5] *Chester Water Auth. v. Kennett Twp. Zoning Hearing Bd.* (Pa. Cmwlth., No. 377 CD 2020, filed March 17, 2021) slip op. at 11 n. 14.[6] "The plain language of a[n] [ordinance] generally provides the best indication of legislative intent, and therefore, statutory construction begins with analyzing the text itself." *City of Clairton v. Zoning Hearing Board of City of Clairton*, 246 A.3d 890, 903 (Pa. Cmwlth. 2021). When the words of a statute [or ordinance] are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S. § 1921(b). Accordingly, where the plain language is clear, this Court need not resort to interpretive tools. "While not controlling, the preamble may be used in the interpretation of an ordinance." *Borough of Edgeworth v. MacLeod*, 456 A.2d 682, 685 (Pa. Cmwlth. 1983).

Turning to the plain language of Section 220-10, we reject Vaccarello's contention that human occupancy is a necessary prerequisite to a violation of the Ordinance. First, Section 220-10 plainly contemplates both "building[s]" and "unoccupied building[s]." Moreover, Section 220-8 of the Ordinance defines "building" as "a roofed structure, enclosed by one or more walls, for the shelter, housing, storage or enclosure of persons, goods, materials, equipment or animals." Ordinance § 220-8, R.R. 72a. The fact that this definition includes structures for the

---

[5] 1 Pa. C.S. §§ 1501-1991.

[6] *See* Section 414(a) of the Internal Operating Procedures of the Commonwealth Court of Pennsylvania, 210 Pa. Code § 69.414(a) (providing that unreported Commonwealth Court opinions issued after January 15, 2008, may be cited for their persuasive value).

storage of equipment and animals is clearly inclusive of farm buildings not used for human occupancy.

The prefatory language Vaccarello relies on in Section 220-6 of the Ordinance in no way alters this conclusion. In fact, Section 220-6 states there is a recognized need to establish certain health and safety requirements "for those buildings, structures or properties which are used *or associated* with human occupancy." Ordinance § 220-6, R.R. 72a. This language cannot be read to limit the remainder of the Ordinance to apply to only human-occupied buildings, nor does it support Vaccarello's broad proposition that the Ordinance was only intended to apply to residential urban areas. The language of the Ordinance is clear on its face. Thus, we reject Vaccarell's argument that human occupancy is a necessary element in finding a violation of Section 220-10.

*B. Sufficiency of the Evidence*

We turn next to Vaccarello's contention that the evidence at trial was insufficient to establish a "health and/or safety hazard" on the Property. Ordinance § 220-10. In "summary offense cases, the Commonwealth is required to establish" guilt beyond a reasonable doubt. *Com. v. Spontarelli*, 791 A.2d 1254, 1258 (Pa. Cmwlth. 2002). Consequently, we must view all of the evidence admitted at trial, together with reasonable inferences therefrom, in the light most favorable to the Commonwealth. *Id.* "The test of sufficiency of the evidence is whether the trial court, as trier of fact, could have found that each element of the offenses charged was supported by evidence and inferences sufficient in law to prove guilt beyond a reasonable doubt." *Id.*

Following a fulsome review of the record, we disagree with Vaccarello that the evidence was insufficient to establish that the conditions on his Property

6

constituted a health or safety hazard under the Ordinance. The Borough presented the testimony of Richardson and photographic evidence that showed the buildings on the Property were dilapidated, in poor condition, and not securely closed as required by Section 220-10 of the Ordinance. *See* R.R. 35a-36a. In its 1925(a) Opinion, the trial court noted that "the photos show an extension ladder leaning against [a] building, allowing easy access to the roof [with] large holes in it, posing a safety hazard." 1925(a) Opinion at 3. It further noted that "[a]dditional photos depict another building, with an arched roof, containing several large openings in one of the exterior walls visible in the photos. Both of these buildings were clearly not safe, or secure, and were clearly open to easy entry, in violation of the ordinance." *Id.* On this record, the trial court's conclusion that the Property's condition presented safety hazards in violation of the Ordinance was based on sufficient evidence, namely photographs of the Property and Richardson's testimony as to its poor condition. Accordingly, it did not err in finding Vaccarello guilty of violating Section 220-10 of the Ordinance.

## IV. CONCLUSION

For the foregoing reasons, the trial court's order is affirmed.

_____
MATTHEW S. WOLF, Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
    :
         v.                 :    No.  1485 C.D. 2024
    :
Nicholas Vaccarello,             :
               Appellant      :

## **O R D E R**

AND NOW, this 23rd day of March 2026, the April 15, 2024 order of the Court of Common Pleas of Butler County in the above-captioned matter is AFFIRMED.

_____
MATTHEW S. WOLF, Judge